[L. A. No. 839.  In Bank.—November 19, 1902.]

NELLIE RUE, Appellant, v. JAMES QUINN et al., Defendants; MADELINE LOUISE EMERY, sued as LOUISA MUNROE, Respondent.

JUDGMENT—MOTION TO VACATE—WANT OF JURISDICTION OF PERSON—LAPSE OF TIME.—A motion to set aside a judgment upon the ground that it appears upon the face of the record that the court had no jurisdiction of the person of the defendant is a direct attack upon the judgment, and is not barred by mere lapse of time.

ID.—BURDEN OF PROOF—DIRECT AND COLLATERAL ATTACK.—A judgment void for want of jurisdiction appearing from the judgment record may be attacked either directly or collaterally,—the main distinction being that upon a direct attack the burden is upon the party claiming the judgment to be valid to show jurisdiction, while upon collateral attack the burden is upon the attacking party to show by the record that the court did not have jurisdiction.

ID.—PUBLICATION OF SUMMONS—AFFIDAVIT BY ATTORNEY.—An affidavit to obtain an order for the publication of summons made by the plaintiff's attorney is competent to establish the facts necessary to be shown to obtain the order. It is not necessary that there should be also an affidavit on the part of the plaintiff, especially where the plaintiff is absent from the county, and the facts verified are within the knowledge of the attorney.

ID.—DUE DILIGENCE TO FIND DEFENDANT—FAILURE—DECISION OF FACT.—If the facts set forth in the affidavit have a legal tendency to show both that diligence was exercised on behalf of the plaintiff in seeking to find defendant within the state, and that after the exercise of such diligence he could not be found, the decision of the judge that the affidavit shows the same to his satisfaction has the same effect as his decision upon any other matter of fact submitted for his judicial determination.

ID.—FACTS STATED UPON INFORMATION—HEARSAY.—Although the facts stated in the affidavit are based upon information or hearsay, that does not render it of no legal effect to authorize the court to be satisfied therefrom, nor justify a disregard of his conclusion, or render his order void. From the nature of the question to be determined, the evidence thereon must to a very great extent be hearsay, and the number and character of the persons inquired of must in each case be determined by the judge.

ID.—DILIGENCE A RELATIVE TERM.—Diligence is in all cases a relative term, and what is due diligence must be determined by the circumstances of each case.

ID.—RETURN OF SUMMONS—AUTHORITY TO ORDER PUBLICATION.—The authority of the court to order service of the summons by publica-

tion is not taken away by reason of the fact that the summons has been previously returned to the clerk's office. The provision for an *alias* summons does not impair the power of the court to authorize the summons to be withdrawn for further service, or for service by publication.

APPEAL from an order of the Superior Court of San Diego County setting aside a judgment by default. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Stearns & Sweet, and Sylvester Kip, for Appellant.

As the motion to vacate the judgment was not made until more than four years after its entry the court had no power to grant it unless the judgment was void upon its face. (*People* v. *Temple,* 103 Cal. 447; *Jacks* v. *Baldez,* 97 Cal. 91; *People* v. *Harrison,* 84 Cal. 607; *Moore* v. *Superior Court,* 86 Cal. 495; *People* v. *Goodhue,* 80 Cal. 199.) The judgment is not invalid because of the publication of summons after it had been returned and filed. (*Hancock* v. *Preuss,* 40 Cal. 577; *Coffin* v. *Bell,* 22 Nev. 169.[1]) The showing of diligence was sufficient to sustain the order of publication. (*Seaver* v. *Fitzgerald,* 23 Cal. 85; *Forbes* v. *Hyde,* 31 Cal. 342; *Ligare* v. *California etc. R. R. Co.,* 76 Cal. 610; *Dunlap* v. *Steere,* 92 Cal. 344;[2] *Harrison* v. *Beard,* 30 Kan. 532; *Harris* v. *Claflin,* 36 Kan. 543; *Matter of Faulkner,* 4 Hill, 598; *Miller* v. *Brinkerhoff,* 4 Denio, 118;[3] *Titus* v. *Relyen,* 17 How. Pr. 269; *Van Wyck* v. *Hardy,* 39 How. Pr. 392, 4 Abb. App. 496; *Skinnion* v. *Kelly,* 18 N. Y. 355; *Howe Machine Co.* v. *Pettibone,* 74 N. Y. 68; *Belmont* v. *Cornen,* 89 N. Y. 256; *Kennedy* v. *New York etc. Trust Co.,* 101 N. Y. 487; *McDonald* v. *Cooper,* 32 Fed. Rep. 745.) That the affidavit need not be made by the plaintiff personally, and that no showing as to his knowledge of the defendant's residence is necessary, has been decided in the following cases: *Bird* v. *McClelland etc. Co.,* 45 Fed. 458; *Palmer* v. *McCormick,* 30 Fed. 82; *Banta* v. *Woods,* 32 Iowa, 469; *Young* v. *Schenck,* 22 Wis. 556; *Storm* v. *Adams,* 56 Wis. 137.

---

[1] 58 Am. St. Rep. 738.      [3] 47 Am. Dec. 242.

[2] 27 Am. St. Rep. 143, and note.

William F. Herrin, *Amicus Curiæ.*

Under the former practice act there could be no publication of an *alias* summons, and the return of the summons was necessary to satisfy the court, which had power to order the summons to be delivered for further service. (*Hancock* v. *Preuss,* 40 Cal. 577.) The *alias* summons provided for in section 408 of the Code of Civil Procedure is *permissive* merely, and cannot affect the power of the court to order the publication of the original summons after its return. (17 Ency. Plead. and Pr., p. 50; *Woodward* v. *Brown,* 119 Cal. 301.[1])

L. L. Boone, and Sam Ferry Smith, for Respondent.

The affidavit is hearsay, and contains no sufficient evidence to support it. (*Kahn* v. *Matthai,* 115 Cal. 689; *Braly* v. *Seaman,* 30 Cal. 610; *Ricketson* v. *Richardson,* 26 Cal. 152; *Neff* v. *Pennoyer,* 17 Fed. Cas. 1279; *Marx* v. *Ebner,* 180 U. S. 314; *Roller* v. *Holly,* 176 U. S. 398.) The summons having been returned, was *functus officio.* (*Fanning* v. *Foley,* 96 Cal. 336.) The court has no jurisdiction to make an order of publication in advance of the issuance of summons. (*People* v. *Huber,* 20 Cal. 81.)

GAROUTTE, J.—Upon further consideration of this cause, after hearing in Bank, we are satisfied with the conclusion reached by Department One in its opinion filed September 24, 1901, and for the reasons stated in said opinion the order is reversed.

Harrison, J., Van Dyke, J., McFarland, J., and Henshaw, J., concurred.

The following is the opinion rendered in Department One, above referred to:—

HARRISON, J.—The plaintiff brought this action against upwards of forty defendants to recover the possession of certain lands in the city of San Diego. Service upon the respondent herein was had by the publication of the summons, and upon her failure to answer the complaint judgment

[1] 63 Am. St. Rep. 108.

was rendered against her by default. This judgment was entered July 15, 1895, and on July 28, 1899, a motion was made on her behalf to set the same aside, upon the ground that it had been entered without any jurisdiction having been obtained over her person, and was therefore void. The motion was made upon the record of the judgment, and upon the hearing thereof was granted. The plaintiff has appealed.

A motion to set aside a judgment upon the ground that it appears upon the face of the judgment record that the court had no jurisdiction of the person of the defendant is a direct attack upon the judgment, and is not barred by mere lapse of time. (*People* v. *Mullan,* 65 Cal. 396; *People* v. *Greene,* 74 Cal. 400.[1]) Cases in which judgments by default rendered upon substituted service have been sustained, upon the ground that the attack was collateral rather than direct, are therefore inapplicable. There is, however, no difference in principle when it affirmatively appears from the judgment record itself that the court had no jurisdiction of the defendant, whether the attack upon the judgment is direct or collateral. If the judgment is void, it is not available in either case. The main distinction between the two cases is, that upon a direct attack the burden is upon the party claiming the judgment to be valid to show that there was jurisdiction, while upon a collateral attack the burden is upon the other party to show by the record that the court did not have jurisdiction.

The affidavit for an order directing the publication of summons was made by the attorney for the plaintiff, and in it, after stating that the summons had been placed in the hands of the sheriff of San Diego County for service, he stated that said sheriff had returned the same with his return indorsed thereon to the effect that he could not find the respondent herein in said county of San Diego; that affiant did not know the residence of said defendant; that since said summons was issued he had made due and diligent search and inquiry for the said defendants, and each of them, for the purpose of serving a summons upon them, by inquiring for each of them of several prominent county officers (giving the names of such officers); and further stated, "I have also made inquiry of all other persons from whom I could expect to obtain

---

[1] 5 Am. St. Rep. 448, and note.

information as to the residence or whereabouts of each of the
said defendants, and after such search and inquiry and due
diligence, the said defendant Louisa Munro cannot be found
within the state of California.'' In the order directing the
publication of the summons the judge recites that it satis-
factorily appeared to him from the said affidavit that the
defendant Louisa Munro could not after due diligence be
found within said state, and that personal service of the
summons cannot be made upon her, for the reasons therein-
before contained, and by said affidavit made to appear, and
thereupon ordered that service be made upon the said defend-
ant by publication, designating in his order the paper and the
period for which the publication should be made.

The affidavit on the part of the attorney was competent
to establish the facts necessary to be shown. It was not
necessary that there should have been an affidavit on the
part of the plaintiff also. It was shown that the plaintiff
was absent from the county wherein the affiant resided, and
that all of the facts verified were within the knowledge of the
affiant. The statute does not require that the affidavit shall
be by the plaintiff, but that the fact necessary to obtain the
order must appear ''by affidavit.'' It would be unreasonable
to hold that where there are several parties plaintiff an affi-
davit must be made by each of them, or that where the plain-
tiff is an infant there should be presented an affidavit by him.

Section 412 of the Code of Civil Procedure provides:
''Where the person on whom service is to be made . . . can-
not, after due diligence, be found within the state, . . . and
the fact appears by affidavit to the satisfaction of the court
or a judge thereof, . . . such court or judge may make an
order that the service be made by the publication of the sum-
mons.'' When service is to be made in this mode upon the
ground that the defendant cannot after due diligence be
found within the state, the affidavit must show two facts,—
viz., the exercise of due diligence to find the defendant within
the state, and a failure to find him after the exercise of such
diligence. If either of these facts does not appear by affi-
davit, the court or judge has no jurisdiction to make the
order, and an order made thereon will be insufficient to sus-
tain a judgment based upon such service. In making the
order for the service by publication the judge acts judicially
upon the evidence which the code requires to be presented

to him for that purpose, and can act upon no other evidence than such as is prescribed by the code. If the facts set forth in the affidavit have a legal tendency to show the exercise of diligence on behalf of the plaintiff in seeking to find the defendant within the state, and that after the exercise of such diligence he cannot be found, the decision of the judge that the affidavit shows the same to his satisfaction is to be regarded with the same effect as is his decision upon any other matter of fact submitted to his judicial determination. Whether, upon a direct attack upon the judgment by an appeal therefrom within the time limited by statute, the order for such service could be reviewed upon the ground that the evidence was insufficient to justify the finding of due diligence, does not arise in the present case, and need not be determined. In *Kahn* v. *Matthai,* 115 Cal. 689, service by publication was directed upon the ground that the defendant was seeking to conceal himself to avoid the service of the summons, and upon a direct appeal from the judgment it was held that the affidavit did not have any tendency to show that he was concealing himself. The present motion, however, was not made until after the time for an appeal from the judgment had expired.

There is not an entire absence of evidence in the affidavit on behalf of the plaintiff to sustain the order, and it cannot be regarded as void. The facts set forth therein afford some evidence of diligence on the part of the plaintiff to find the defendant, and also that, notwithstanding such diligence, she could not be found within the state; and although the facts are based upon information of others, it cannot be said that the affidavit is of no legal effect to authorize the court to be satisfied therefrom, or that it did not have a tendency to establish both the fact of diligence and of failure to find the defendant. In *Ricketson* v. *Richardson,* 26 Cal. 149, the affidavit upon which the order for the publication of the summons was made recited that the defendant Compton was a resident of the empire of China, whereas the order directed that a copy of the summons be sent by mail, directed to him at London, England. In *Braly* v. *Seaman,* 30 Cal. 610, although the affidavit presented evidence of diligence, it did not show that the plaintiff had failed to find that the defendant was not within the state.

The objections that the facts stated in the affidavit are only hearsay, and that the inquiries of the affiant were limited to persons in the county of San Diego, were proper to be considered by the judge when an application for the order was made, for the purpose of determining whether sufficient diligence had been employed to ascertain if the defendant could be found within the state; but these facts do not justify a disregard of his conclusion or render his order void. From the nature of the question to be determined, the evidence thereon must to a very great extent be hearsay, and the number and character of the persons inquired of must in each case be determined by the judge. Diligence is in all cases a relative term, and what is due diligence must be determined by the circumstances of each case. If it should be held as an invariable rule that inquiries should be extended beyond the county in which the suit is pending, it might be difficult to say which counties of the state could be safely omitted, and unless the judge is at liberty to determine whether the person from whom inquiries have been made sufficiently shows the requisite diligence it might be necessary for the plaintiff to question all the citizens of the county before obtaining the order. (See *Van Wyck* v. *Hardy,* 4 Abb. App. 496; 39 How. Pr. 392; *Howe Machine Co.* v. *Pettibone,* 74 N. Y. 68; *Belmont* v. *Cornen,* 82 N. Y. 256; *McDonald* v. *Cooper,* 32 Fed. Rep. 745.)

The authority of the court to order the service to be made by publication was not taken away by reason of the fact that the summons had been previously returned to the office of the clerk. The provision in section 408 of the Code of Civil Procedure for the issuance of an *alias* summons by "the clerk," does not impair the power of the court to authorize it to be withdrawn for the purpose of further service, or for its service by publication. (*Hancock* v. *Preuss,* 40 Cal. 572.) Section 410 of the Code of Civil Procedure requires the summons to be returned by the sheriff when he has served it upon the defendants within his jurisdiction, and under section 581 the plaintiff is allowed three years from the commencement of the action within which to serve the summons. The sheriff's return may be relied upon as part of the evidence that the defendant cannot be found within the county, and it

CXXXVII. Cal.—42

would be unreasonable to hold that, if this return is made at the expiration of a year from the commencement of the action, the plaintiff would be precluded from obtaining service upon any of the other defendants, either personally or by publication. Section 389 of the Code of Civil Procedure provides that, "When a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in." This implies a power in the court, whenever this fact shall be brought to its notice, either to order the summons that has been returned to be served upon the defendants therein named, if they have not been already served, or to issue a new summons for that purpose. The power is the same whether such defendants are named in the original summons or not.

The order is reversed.

Garoutte, J., and Van Dyke, J., concurred.