## WEIS v. CAIN et al.

### L. A. No. 1027; September 17, 1903.

#### 73 Pac. 980.

**Summons—Publication.**—Where an Affidavit for the Service of summons by publication stated that the summons had been placed in the hands of the sheriff of the county for service, that the sheriff had returned the same with his return indorsed thereon to the effect that he could not find the defendant within the county, and that affiant did not know the residence of defendant, etc., it was sufficient to justify the court in ordering service by publication.[1]

[1] Cited and followed in Roberts v. Jacob, 154 Cal. 308, 97 Pac. 672, where the affidavit showed that the plaintiff had made inquiries in all conceivable ways to inform himself of the defendants' whereabouts.

Cited in People v. Wrinn, 143 Cal. 13, 76 Pac. 647, together with Rue v. Quinn, 137 Cal. 651, 66 Pac. 216, 70 Pac. 732, as sustaining the jurisdiction of a court in ordering publication of summons upon the sheriff's return of non est without first scrutinizing the diligence exercised in seeking the address of the defendant in the summons named.

Cited in the note in 37 L. R. A., N. S., 209, on character of inquiry as to whereabouts of party necessary to sustain constructive service of process.

Cited and followed, along with numerous other California cases, in Cargile v. Silsbee, 148 Cal. 260, 82 Pac. 1045, a suit to set aside a judgment annulling a certificate for the purchase of state school

APPEAL from Superior Court, San Diego County; J. W. Ballard, Judge.

Action by H. F. Weis against Ben P. Cain and others. From an order setting aside a judgment in favor of plaintiff, he appeals. Reversed.

Stearns & Sweet for appellant; Mills & Hizar for respondent.

GRAY, C.—Action to quiet title. Plaintiff had judgment, and nearly five years later the defendant and respondent, Mrs. Goss moved to set aside the judgment on the ground that there was no proper service of summons. The service was by publication, and the particular points made on the motion were that the affidavit for publication was insufficient, and that the summons had once been placed in the hands of the sheriff, and by him returned to the clerk of the court, and no other summons was issued. The motion was granted, and the plaintiff appeals from the order.

The points urged on this appeal by appellant and respondent respectively were all considered and reconsidered by this court in the very recent case of Rue v. Quinn, 137 Cal. 651, 66 Pac. 216, 70 Pac. 732, and there determined favorably to the contentions of this appellant. The only difference between the two cases is that in the Rue case the affidavit for publication contained a statement not to be found in the corresponding affidavit in the case before us, which statement reads as follows: "I have also made inquiry of all other persons from whom I could expect to obtain information as to the residence or whereabouts of each of the said defendants." In all other respects the affidavits in the two cases are entirely similar, and the difference of this added statement in

lands, on the ground that the judgment had been obtained by fraud on a fraudulent affidavit for publication of summons.

Cited and followed, along with many decisions to similar effect, in Shepard v. Mace, 148 Cal. 272, 82 Pac. 1046, the court merely referring to these without further comment, as though the point needed none.

Cited and followed, together with other cases, notably Rue v. Quinn, 137 Cal. 651, 66 Pac. 216, 70 Pac. 732, in Emory v. Kipp, 154 Cal. 85, 129 Am. St. Rep. 147, 19 L. R. A., N. S., 983, 97 Pac. 18, the plaintiff's interest having been acquired from the plaintiff in Rue v. Quinn, and concluded by the decision in that case.

the one is not important. Without that statement it can still be reasonably said of the affidavit in this case, as was said in that case: "The facts set forth therein afford some evidence of diligence on the part of the plaintiff to find the defendant, and also that, notwithstanding such diligence, she could not be found within the state; and although the facts are based upon information of others, it cannot be said that the affidavit is of no legal effect to authorize the court to be satisfied therefrom, or that it did not have a tendency to establish both the fact of diligence and of a failure to find the defendant."

On the authority of Rue v. Quinn, supra, we advise that the order appealed from be reversed.

I concur: Chipman, C.

For the reasons given in the foregoing opinion the order appealed from is reversed: Shaw, J.; Angellotti, J.; Van Dyke, J.