[L. A. No. 1161. In Bank.—April 8, 1904.]

THE PEOPLE, Respondent, v. MICHAEL J. WRIN, Appellant.

JUDGMENT BY DEFAULT—SETTING ASIDE—LAPSE OF TIME—PUBLICATION OF SUMMONS—SUFFICIENCY OF AFFIDAVIT—JURISDICTION.—A judgment by default cannot be set aside after the lapse of time for vacating a valid judgment, unless it appears to be void upon its face. Where the affidavit for the publication of summons, though defective, shows some diligence, the court has jurisdiction to make the order of publication, and the judgment is valid.

ID.—RECORD UPON APPEAL FROM ORDER—AFFIDAVIT NOT INCLUDED IN BILL OF EXCEPTIONS—CERTIFICATE OF CLERK.—An affidavit printed in the record upon appeal from the order refusing to vacate the judgment by default, which is not contained in any bill of excep-

tions, cannot be considered, notwithstanding the certificate of the clerk that the affidavit was used on the motion.

ID.—NAME OF ATTORNEY UPON SUMMONS—PUBLICATION.—It was only required, prior to the amendment of 1897 to section 407 of the Code of Civil Procedure, that the name of the plaintiff's attorney should be indorsed on the summons, but that section did not make such indorsement a part of the summons, nor make it necessary to.publish the attorney's name.

APPEAL from an order of the Superior Court of Santa Barbara County refusing to set aside a default judgment. W. S. Day, Judge. W. B. Cope, Judge rendering judgment.

The facts are stated in the opinion.

F. D. Brandon, and C. F. Carrier, for Appellant.

Tirey L. Ford, Attorney-General, and E. W. Squier, District Attorney, for Respondent.

GRAY, C.—Appeal from an order refusing to set aside a default judgment foreclosing defendant's interest in certain school lands situated in Santa Barbara County, which judgment was based on a service of summons by publication. The judgment was rendered in July, 1896, and the motion to vacate made in April, 1901.

1. The affidavit for publication of summons is attacked as insufficient in failing to show diligent search for defendant within the state. That part of the affidavit material to the point reads as follows: "That defendant, Michael J. Wrin, cannot, after due diligence, be found within the State of California. . . . That for the purpose of finding defendant, Michael J. Wrin, affiant has placed summons in said action in the hands of the sheriff of the said county of Santa Barbara with instructions to serve the same upon the said defendant, but that said sheriff has been unable to find said defendant and has returned said summons to the clerk of said court with the indorsement that said defendant cannot be found within the county of Santa Barbara. That affiant has inquired of the treasurer of the county of Santa Barbara whether he knew of the residence of said defendant and has been informed by said treasurer that he did not know where the residence of said defendant was, and that affiant has in-

quired of other parties who were well acquainted in the county of Santa Barbara and in the state of California, and has been unable to learn from any one the residence of said defendant or where he can be found, and that he has made diligent inquiry to find said defendant, but cannot, after due diligence, find him in this state." Upon this affidavit the court made the order of publication, and recited and found therein that it satisfactorily appeared that the defendant could not, after due diligence, be found within this state. It may be conceded that this affidavit is in a sense defective, and that the trial court erred in the finding and order based upon it. But mere error of the court could not be taken advantage of on this motion, made nearly five years after the rendition of the judgment. To obtain the desired order vacating the judgment it was necessary that the judgment should be void on the face of the record, or, in other words, it should appear from the record that the trial judge had not jurisdiction to make the order of publication. (*Forbes* v. *Hyde,* 31 Cal. 342; *Ligare* v. *California etc. R. R. Co.,* 76 Cal. 610.) The affidavit contained some evidence of diligence to find the defendant. Placing the summons in the hands of the sheriff for service, and the sheriff's return thereon, the inquiry of the treasurer, who under the law was to receive the money which had been or was yet to be paid on the land, and was therefore the most likely of any officer in the county to have the postoffice address and know of the residence of the defendant, and the inquiry of other persons, all show the exercise of some diligence. We cannot, therefore, say that the court was without jurisdiction to make the order or that the order was void, and if the order was valid, of course the judgment was also valid. The case before us does not differ in principle from the case of *Rue* v. *Quinn,* 137 Cal. 651. The affidavit in this case is perhaps not quite so strong as the one considered in the Rue case, but the argument and the authorities cited and the principles laid down in that case apply with equal force to the case here under consideration. That case is so recent, and was so thoroughly considered and reconsidered, that it seems unnecessary here to repeat the arguments contained in it or to attempt to add anything further. (See, also, *Weis* v. *Cain,* 73 Pac. 980.)

There is printed in the transcript what purports to be the

affidavit of the defendant certified by the clerk of the court as having been used on the motion to vacate the judgment. We cannot consider this affidavit, however, for the reason that it is not contained in any bill of exceptions or otherwise certified as required by law. (Rule XXIX of the supreme court; *Melde* v. *Reynolds,* 120 Cal. 234.)

2. It is objected that the name of the attorney for plaintiff did not appear upon the summons as published. It does appear, however, from the record that the name of the said attorney was indorsed upon the summons, a copy of which, without the attorney's name, was published. All that was required by section 407 of the Code of Civil Procedure before it was amended in 1897, with reference to the attorney's name, was that it should be indorsed upon the summons. The attorney's name did not thereby become a part of the summons, and it was not necessary as such to publish it.

We advise that the order appealed from be affirmed.

Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Angellotti, J., Shaw, J., Van Dyke, J., Henshaw, J.