[L. A. No. 1336.    Department One.—August 17, 1904.]

## THE PEOPLE, Respondent, v. SMITH NORRIS, Appellant.

STATE LANDS—FORECLOSURE OF INTEREST OF PURCHASER—PUBLICATION
OF SUMMONS.—In an action to foreclose the interest of a purchaser
of state lands, where the service of summons upon the defendant is
made by publication, it may be properly ordered for the period of
only four weeks, under section 3549 of the Political Code. As to
matters expressly provided for in that section, section 413 of the
Code of Civil Procedure, providing for two months' publication, is
inapplicable.

ID.—VALIDITY OF AFFIDAVIT FOR PUBLICATION—SHOWING OF DILIGENCE—
ERROR OF COURT NOT COLLATERALLY ASSAILABLE.—An affidavit for
publication of the summons in such an action, which contains a sub-
stantially similar showing of diligence in inquiry to find the defend-
ant within the state without avail, to that involved in former
decisions of this court in similar actions, is not void; and though
the court may have erred in its finding based thereupon, that
defendant is a non-resident of the state, and cannot after due dili-
gence be found therein, its error is not collaterally assailable, and
cannot vitiate a judgment by default based upon a proper service
of the summons by publication.

ID.—JUDGMENT VALID UPON FACE OF RECORD—MOTION TO VACATE FOR
WANT OF JURISDICTION—LAPSE OF SIX YEARS—INADMISSIBLE EVI-
DENCE.—The judgment foreclosing the interest of the purchaser,
being valid upon the face of the record, upon a motion by him to
vacate it for want of jurisdiction of his person, made six years
after its entry, no evidence *dehors* the record is admissible to
impeach the judgment. A showing that his post-office address was
inserted in his application by the rules of the land office, and that
he had never changed his residence, and of other facts assailing the
propriety of the service by the publication of the summons, is
inadmissible, and cannot affect the case.

ID. — INVALID PART OF JUDGMENT — PERSONAL JUDGMENT FOR COSTS —
FORECLOSURE NOT VITIATED.—An invalid part of the judgment, con-
sisting of a personal judgment for costs of suit and publication,
which, it may be admitted, the court had no jurisdiction to render,
and which is long since outlawed, cannot affect the validity of the
judgment of foreclosure in any other respect.

APPEAL from an order of the Superior Court of San
Diego County denying a motion to set aside a judgment.
E. S. Torrance, Judge.

The facts are stated in the opinion.

F. D. Brandon, and Edwin A. Wells, for Appellant.

Cassius Carter, District Attorney, U. S. Webb, Attorney-General, and George A. Sturtevant, Deputy Attorney-General, for Respondent.

Victor E. Shaw, *Amicus Curia,* for Respondent.

SMITH, C.—The suit was brought to foreclose the interest of defendant in certain lands purchased by him from the state. The service of summons was by publication, and judgment against the defendant was entered by default May 26, 1896. Motion to set aside the judgment was made on June 27, 1902, on the grounds—stated generally— of want of jurisdiction in the court over the subject-matter, or over the person of the defendant. The motion was denied, and from the order denying the motion the defendant appeals.

The principal grounds urged for reversal are, that the affidavit for the order for publication of summons was defective in not showing due diligence of inquiry on the part of plaintiff as to the whereabouts of the defendant, and that the publication under the order (which was for four weeks only) was insufficient.

The latter point rests upon the assumption that it appears from the record that the defendant was a non-resident at the time of the publication; and such being the case, it is claimed by the appellant that by the provisions of section 413 of the Code of Civil Procedure the publication should have been for "two months," as provided in that section. But this contention is disposed of by the explicit provisions of section 3549 of the Political Code, which provide generally that the publication in the class of cases referred to shall be for "four weeks" only. It is no doubt true, as claimed by both parties, that the provisions of the Political Code and those of the Code of Civil Procedure are to be construed together (*People* v. *Applegate,* 64 Cal. 229); but in comparing them it seems evident, from the language used and the incongruous nature of their provisions, that they are to be understood as referring respectively to distinct classes—that is to say, to those specifically described in section 3549 of the Political Code, and to those not coming under that description; and that the provisions of section 413 of the Code of

Civil Procedure are inapplicable as to matters expressly provided for by section 3549 of the Political Code. (Pol. Code, secs. 4480, 4481.) The general rule is established by section 413 of the Code of Civil Procedure, which is but a re-enactment, with a slight change of the rule previously existing. But by section 3549 of the Political Code (with this in the mind of the legislature) it is provided that in the class of cases referred to in that section, publication *"may be made"* in a different manner, both as to time and in other respects. In *People* v. *Applegate,* 64 Cal. 229, and cases following it, the question was at to the applicability of the provision of the Code of Civil Procedure relative to service of summons in regard to those matters concerning which section 3549 of the Political Code is silent.

As to the showing of diligence, the affidavit was substantially similar to that involved in *People* v. *Wrin,* 143 Cal. 11, and, like it, comes within the rule laid down in *Rue* v. *Quinn,* 137 Cal. 651. The present case differs from *People* v. *Wrin* only in this, that we have here the affidavit of appellant showing that his post-office address was inserted in his application to purchase as required by the rules of the land-office, and that he has not since changed his residence—and other facts. But the judgment being valid on the face of the record, neither this or other evidence *dehors* the record was admissible to impeach it. (*People* v. *Davis,* 143 Cal. 673; *People* v. *Thomas,* 101 Cal. 571; *People* v. *Temple,* 103 Cal. 453; *People* v. *Harrison,* 107 Cal. 544; *Butler* v. *Soule,* 124 Cal. 69.) The rule is different in cases of direct attack on a judgment by appeal or motion under section 473 of the Code of Civil Procedure or otherwise in the line of the proceedings in the case. But though an attack of the kind now before us may in one sense of the term be said to be *direct,* it is in the technical sense regarded as collateral,—that is, it is a proceeding aside from, or outside of, the regular proceedings in the case. Or, if we should prefer a different definition, then we must hold that the same rule applies to *direct* attacks of *this kind* as to *collateral* attacks. Nor, though it be admitted for the purposes of the decision that there was a rule of the land-office requiring applications to be accompanied by the post-office address of the applicant, and that the court will take judicial notice of the rule, yet the case would not be

affected.    The same point was involved in *People* v. *Wrin,* 143 Cal. 11, and though not discussed in the briefs, was considered.

It is objected also that the personal judgment for costs of suit and publication is without jurisdiction; which may be admitted.    But this part of the judgment is long since outlawed, and the validity of the judgment otherwise is not affected.    Other objections made are, that the summons was defective in stating "the nature of the action"; that the register had no power to include in the delinquent list more than one year's interest—that is to say, more than the last of the five years' interest in default; that the judgment failed to reserve in the defendant, in explicit terms, the right to vacate it upon the terms allowed by sections 3550 and 3551 of the Political Code, or to redeem within a year, as provided by the act of 1881 (Stats. 1881, p. 65); that the complaint is defective; and finally that "the judgment is not sustained by the facts found,"—i. e. by the facts recited in the judgment. But it will be sufficient to say of these contentions that we do not regard any of them as well taken.

We advise that the order appealed from be affirmed

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Angellotti, J., Shaw, J., Van Dyke, J.

Hearing in Bank denied.