[L. A. No. 1455.  Department Two.—September 20, 1904.]

FRANCES W. SHARP, Appellant, v. WILLIAM B. SALISBURY, Respondent.

STATE SCHOOL LAND—REFERENCE OF CONTEST—JURISDICTION—PLEADING —WANT OF CAUSE OF ACTION—DEFAULT—REFUSAL TO HEAR EVIDENCE.—The superior court does not get jurisdiction of a contest against a certificate of purchase of state school land by the mere reference of the contest by the surveyor-general.  An action must be commenced and a cause of action stated; and in the absence of a complaint stating a cause of action, notwithstanding the default of the defendant, there is no case before the court, and it is warranted in refusing to hear evidence.

ID.—FORECLOSURE OF PLAINTIFF'S CERTIFICATE—INSUFFICIENT ATTACK UPON AFFIDAVIT FOR PUBLICATION.—Where the plaintiff's certificate of purchase had been foreclosed at suit of the state, and the judgment-roll is attached to the complaint, upon the reference of the contest, and the affidavit for publication is sufficient to show diligent search, an attack upon the judgment in the complaint, on the ground that the affidavit was false and fraudulent, does not state a cause of action, where the contradictions of the affidavit in the complaint are addressed only to its general statements and conclusions, and the complaint does not deny or controvert the specific statements of the affidavit as to the inquiries and efforts made and the names of the parties inquired of to ascertain the whereabouts of the defendant, which are the material and essential averments upon which the court acted in making the order for publication.

APPEAL from a judgment of the Superior Court of San Diego County.  E. S. Torrance, Judge.

The facts are stated in the opinion.

W. H. Larew, and Edwin A. Wells, for Appellant.

No appearance for Respondent.

GRAY, C.—The plaintiff held a certificate of purchase for a certain section of school land in San Diego County.  Suit was brought against her by the state to foreclose all her interest and annul her certificate of purchase because of non-payment of interest on the balance due of the purchase price

CXLIV. Cal.—46

of said land. A decree was rendered therein against her can-
celing said certificate. Thereafter a certificate of purchase
for the same land was issued by the state surveyor-general to
defendant. A contest was made in the land-office by plain-
tiff against this second certificate and the matter referred by
the surveyor-general to the superior court for determination.
A purported complaint was filed by plaintiff, service had on
defendant, and the default of the latter entered for failure
to answer. Subsequently an amended complaint was filed.
The plaintiff then offered to make proofs to establish the
allegations of her amended complaint, but the court refused
to permit her to do so for the reasons that the amended com-
plaint failed to state a cause of action, and also "that the
order of reference made by the surveyor-general does not
give this court jurisdiction of the issues tendered by said
complaint." The plaintiff refused to amend further, and
judgment was entered against her that she take nothing, and
that the case be dismissed, from which judgment she ap-
peals.

We think the action of the court should be upheld for the
reason that the complaint fails to state a cause of action. The
judgment-roll in the foreclosure proceeding is attached as an
exhibit to the complaint and made part thereof. So far as
we can learn from an inspection of this roll, the judgment
in the foreclosure proceeding is valid. Indeed, appellant
fails to point in her brief to anything on the face of this roll
that could be claimed to render the judgment void. We un-
derstand appellant, however, to contend that the facts stated
in the complaint (which must be here admitted as true) show
that the foreclosure judgment was obtained by fraud on a
false affidavit for publication of summons. The allegations
of the complaint in this regard are to the effect that the
affiant who made the said affidavit, the deputy district attor-
ney, did not in fact make diligent search or inquiry to ascer-
tain the residence or whereabouts of the defendant in the
foreclosure suit; "that if he made any search or inquiry at
all thereof, the same was a sham and pretended search, and
not made in good faith," etc. The affidavit for publication
need not be here quoted. It was made part of the complaint,
and it is sufficient to say that it was very similar to the affi-
davit in *Rue* v. *Quinn,* 137 Cal. 651, and on the authority of

that case and the cases following it the affidavit must be held sufficient. The contradictions of this affidavit contained in the complaint were directed only at those general statements and conclusions contained in it which might be drawn from the specific statements of facts therein. The complaint does not deny or controvert that the deputy district attorney inquired of the persons named in the affidavit as therein declared by him. These specific statements as to the inquiries and efforts made and the names of the parties inquired of to ascertain the whereabouts of the defendant are the more important parts of an affidavit for publication. It is these specific allegations of specific facts that must be shown to be false in any successful effort to establish the fraudulent character of an affidavit for publication. Such allegations constitute the essential part of the affidavit, and to admit their truth is to admit the truth of what the court acted upon when it made the order of publication. The complaint for these reasons fails to show that the affidavit of publication was false in any essential particular, and consequently fails to show that the foreclosure judgment was obtained by fraud. Upon the face of the complaint, then, the foreclosure judgment must be treated as valid and binding. It follows that the complaint altogether fails to show anything that would invalidate defendant's certificate of purchase, and therefore states no cause of action.

The superior court does not get jurisdiction of a state-land contest by reason of a reference of the contest by the surveyor-general. This must be followed by the commencement of an action, and unless an action is commenced, following the reference, in which a *prima facie* case is made in the complaint against defendant showing his certificate of purchase to be for some reason invalid, "he is not compelled to come into court and affirmatively set up his rights. The mere facts that defendant has a certificate of purchase, and that the plaintiff protested against the issuance to him of any further evidence of title, and that the order of reference has been made, do not make a case that the defendant is required to answer." (*Polk* v. *Sleeper*, 143 Cal. 70.)

Therefore, even though the defendant's default had been entered, the court was warranted in refusing to hear evidence in the matter until a complaint was filed that demanded an

answer; indeed, in the absence of a complaint stating some cause of action, there was no case before the court.

We advise that the judgment be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Henshaw, J., McFarland, J., Lorigan, J.

Hearing in Bank denied.