[L. A. No. 1486.   Department One.—November 27, 1905.]

ANNA E. CARGILE, Appellant, v. THOMAS H. SILSBEE, Respondent.

STATE SCHOOL LANDS—CANCELING CERTIFICATE OF PURCHASE—DEFAULT JUDGMENT—PUBLICATION OF SUMMONS.—A judgment by default, based upon a service of summons by publication, canceling a certificate of purchase for certain state school lands, and foreclosing the holders' rights thereunder in such lands on account of non-payment of the interest on the balance of the purchase price, *held* not to be void on its face for failure of the affidavit for publication of summons to state facts sufficient to give the court jurisdiction to order service by publication, on the authority of *Rue* v. *Quinn,* 137 Cal. 651, [66 Pac. 216, 70 Pac. 732]; *Weis* v. *Cain,* (Cal.) [73 Pac. 980]; *People* v. *Norris,* 144 Cal. 422, [77 Pac. 998]; *People* v. *Mason,* 144 Cal. 770, [78 Pac. 1113], and *Sharp* v. *Salisbury,* 144 Cal. 721, [78 Pac. 282].

ID.—FALSITY OF AFFIDAVIT FOR PUBLICATION—PLEADING.—A complaint to annul such judgment of foreclosure for the reason that it was obtained by fraud on a false affidavit for publication of summons, is insufficient unless the specific allegations of specific facts contained in the affidavit are controverted by its allegations.

APPEAL from a judgment of the Superior Court of San Diego County.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

W. H. Larew, and Edwin A. Wells, for Appellant.

Victor E. Shaw, and E. V. Winnek, for Respondent.

ANGELLOTTI, J.—Plaintiff was originally the holder of a certificate of purchase for certain state school land, issued November 6, 1889, but because of her non-payment of interest on the balance due of the purchase price, such certificate was canceled and annulled, and all plaintiff's rights in the land thereunder foreclosed, by a decree of the superior court of San Diego County, given and entered in November, 1896, in an action brought by the people of the state of California against her.   In that action judgment was given by default, she having failed to appear after service had by publication of summons.   Subsequently, in the year 1899, defendant made his application for the purchase of said land, and regularly

acquired a certificate of purchase therefor, which he still holds. In 1902 plaintiff first actually heard of defendant's claim to the land, and filed in the office of the surveyor-general her notice oᶠ contest and demand for a trial of the rights of the parties in the superior court of San Diego County. The surveyor-general made an order of reference accordingly. Plaintiff then filed her complaint against defendant in this proceeding, by which she attacks the judgment given in the foreclosure proceeding against her, claiming that the same is void, and sets up her rights under the certificate of purchase originally issued to her, and asks that the judgment annulling her certificate be vacated and set aside, that her certificate be adjudged valid, and that defendant's certificate be adjudged null and void. A demurrer to her third amended complaint having been sustained, and plaintiff having elected to stand upon the same, judgment went for defendant. This is an appeal by plaintiff from said judgment.

It is manifest that if the judgment given in the foreclosure action is not void on its face, and is not vacated and set aside, the complaint shows that plaintiff has no right whatever in regard to the land, and that defendant is entitled to purchase the same. It is urged that the judgment is void on its face, the contention in this respect relating entirely to the service of the summons in the action in which such judgment was given, the principal point made being that the affidavit for publication of summons did not state sufficient facts to give the court jurisdiction to order service made by publication. The question as to the sufficiency of a similar affidavit to give the trial court such jurisdiction has been discussed by this court several times in cases of the same character as this and the affidavit held sufficient. Every contention made by plaintiff in support of her claim that the judgment under consideration is void upon its face has already been answered by decisions of this court, some of which, it should be said, have been rendered since the institution of this action. (See *Rue* v. *Quinn,* 137 Cal. 651, [66 Pac. 216, 70 Pac. 732]; *Weis* v. *Cain,* (Cal.) 73 Pac. 980; *People* v. *Norris,* 144 Cal. 422, [77 Pac. 998]; *People* v. *Mason,* 144 Cal. 770, [78 Pac. 1113]; *Sharp* v. *Salisbury,* 144 Cal. 721, [78 Pac. 282].) Upon the authority of these decisions it must be held that the foreclosure judgment is not void upon its face.

Plaintiff, however, claims that the judgment should here be vacated for the alleged reason that the same was obtained by fraud on a false affidavit for publication of summons. It is contended by defendant that no such relief can be had in a proceeding of this character, to which, it is said, the state, the prevailing party in the foreclosure proceeding, is in no sense a party, and that if the judgment is valid on its face, it is a full protection to a subsequent purchaser, the defendant here. Waiving this contention and assuming that plaintiff would be entitled to the relief sought upon such a showing as would warrant the vacating of the judgment, it must still be held, upon the authority of *Sharp* v. *Salisbury*, 144 Cal. 721, [78 Pac. 282], that the plaintiff has failed to state facts sufficient to constitute a cause of action in this behalf. The complaint in that action (*Sharp* v. *Salisbury*) attempted to state such a cause of action in a case exactly like this, it being alleged that the affidavit for publication of summons was false and fraudulent in the same particulars as it is here alleged that the affidavit for publication in the foreclosure case was false and fraudulent. The complaints in the two cases were prepared by the same attorneys, at about the same time, and are in all material respects the same. It was held in *Sharp* v. *Salisbury* that "the contradictions of the affidavit of publication contained in the complaint were directed only at those general statements and conclusions contained in it which might be drawn from the specific statement of facts therein," and that the truth of any of the "specific allegations of specific facts" contained in the affidavit for publication was not controverted by the allegations of the complaint, and that consequently the affidavit for publication was not shown to be false in any essential particular. Without such a showing of falsity, there was of course a failure to show that the judgment was obtained by fraud. In that case this court, upon this ground, affirmed the judgment for the defendant rendered upon sustaining a demurrer to the complaint, and a petition for rehearing was denied. That decision disposes of plaintiff's contention that the foreclosure judgment should be vacated in this proceeding upon the facts alleged. There is no other point requiring notice.

The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.