[L. A. Nos. 1418 and 1502. Department Two.—November 29, 1905.]

ELLA G. SHEPARD, Respondent, v. JENNIE C. MACE, Appellant.

EMILUS V. WINNEK, Respondent, v. JENNIE C. MACE, Appellant.

STATE LANDS—CANCELLATION OF CERTIFICATE OF PURCHASE—PUBLICATION OF SUMMONS.—An affidavit for publication of summons and an order of publication in an action by the state to foreclose the rights of a purchaser of state lands unsuitable for cultivation, and to vacate the certificate of purchase on account of the default of

the purchaser to make payments of ·interest, *held* sufficient on the authority of *Cargile* v. *Silsbee*, *ante*, p. 259, and other cases cited

ID.—CITIZENSHIP OF PRIOR PURCHASER—EVIDENCE.—In an action by a subsequent purchaser of such land to quiet his title against the person whose prior right of purchase had been foreclosed, it is not error to refuse to allow evidence as to the citizenship of the prior purchaser.

ID.—QUIETING TITLE — FILING JUDGMENT OF FORECLOSURE — PRESUMPTION.—In such action to quiet title, where no issue was raised by the answer as to whether the district attorney, within twenty days after the entry of judgment in the foreclosure suit filed in the office of the register and in the recorder's office of the county in which the land is situated, certified copies of the judgment, as required by section 3550 of the Political Code, it will be concluded in accordance with the presumption that official duty has been regularly performed, that the filings were properly made.

ID.—PLEADING—SURRENDER OF TITLE—NON-PAYMENT OF INTEREST.—In the action to compel a surrender and cancellation of the prior certificate of purchase a complaint is sufficient, under section 3570 of the Political Code, which alleges that the defendant is the lawful holder and owner of the certificate of purchase, and has not paid the interest, without an averment that the defendant had surrendered or abandoned the title.

APPEALS from judgments of the Superior Court of San Diego County and from orders refusing a new trial. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

W. H. Larew, and Edwin A. Wells, for Appellant.

Victor E. Shaw, and E. V. Winnek, for Respondents.

HENSHAW, J.—These two actions are to ·quiet title to land. The land in controversy was a section of land unsuitable for cultivation. A certificate of purchase had been issued to defendant, Jennie C. Mace, on November 4, 1899. She paid one year's interest on January 6, 1890, and again a year's interest upon December 27, 1890. She made no further payments of interest, and by reason of her default proceedings were taken to foreclose her rights. Upon November 20, 1895, suit was instituted by the district attorney of San Diego County, wherein the land was situated. In this action the people of the state of California was plain-

tiff, and Jennie C. Mace, appellant herein, was defendant. Service of the summons issued in the action was obtained by publication made upon the order of the court, which order in turn was based upon the affidavit of the deputy district attorney. Upon November 6, 1896, or nearly a year after the date of the action, a decree was entered foreclosing all the right of the defendant, and vacating and annulling the certificate of purchase which had been issued to her. In May, 1900, nearly four years after the rendition of this judgment, and about nine years after the defendant ceased to pay the annual interest installments due to the state, this plaintiff, Ella G. Shepard, made application to purchase the south half of the section in question, and on October 18, 1901, patent was issued to her by the state. Nearly six years after the date of the decree foreclosing her right to the land, and more than ten years after her default in the payment of interest due to the state, Jennie C. Mace, without payment or tender of payment of any amount to the state, made claim to the property, and these respondents, learning of the claim, instituted their separate actions to quiet title. The facts recited as to the case of *Shepard* v. *Mace* are identical with the facts in the case of *Winnek* v. *Mace,* saving that Winnek made application to purchase the north half of the section in question, and obtained a patent from the state at the same time as did Shepard. The propositions advanced upon these appeals may therefore be considered together.

The principal contention in both cases is that the judgment of foreclosure was void for failure of the court to obtain jurisdiction of the person of the defendant and the subject-matter of the action, the grounds of this contention being that the affidavit for publication of summons and the order of publication were insufficient. These affidavits and orders, however, are identical with those previously considered by this court, and it becomes necessary, therefore, only to refer, in answer to appellant's contention, to the cases of *Cargile* v. *Silsbee, ante,* p. 259, [82 Pac. 1044]; *Rue* v. *Quinn,* 137 Cal. 651, [66 Pac. 216, 70 Pac. 732]; *Weis* v. *Cain* (Cal.), 73 Pac. 980; *Sharp* v. *Salisbury,* 144 Cal. 721, [78 Pac. 282]; *People* v. *Norris,* 144 Cal. 422, [77 Pac. 998]; *People* v. *Mason,* 144 Cal. 770, [78 Pac. 1113]. It is urged that the court erred in refusing to allow evidence as to the citizen-

ship of Jennie C. Mace, but, as the judgment of the trial court was in no way founded upon the question of citizenship, but rested wholly upon the conclusiveness of the decree in foreclosure, the ruling of the court, if error, could not have been prejudicial. Section 3550 of the Political Code provides that twenty days after the entry of judgment in the foreclosure proceedings the district attorney must file in the office of the register and in the recorder's office of the county in which the land is situated, certified copies thereof. Appellant insists that there was no evidence showing that certified copies of the judgment had been filed in accordance with the section, and that the presumption is that they were not so filed. No issue was tendered by the answer upon this question. There is at least a presumption that if the filings had not been properly made, this defendant would have taken advantage of it in her pleadings. No issue having been tendered upon the matter, and the presumption being that official duty has been regularly performed, it will be concluded that the filings were properly made. It is contended that the complaint in the foreclosure action did not state a cause of action, for the reason that the purchaser had the right, under the law, either to pay the amount or surrender title. (Pol. Code, sec. 3570.) The complaint alleged that she had not paid the amount due, but did not aver that she had not surrendered or abandoned her title. The action was to compel a surrender and cancellation of the certificate of purchase, and the complaint averred "that said defendant is now the lawful holder and owner of said certificate of purchase." This averment itself states a cause of action, and in view of the strenuous and technical contest defendant here makes to the matter, it would seem that a further averment that she had not surrendered or abandoned her title would have been quite unnecessary.

No other propositions advanced by appellant merit consideration, and for the foregoing reasons the judgments and orders appealed from are in each case affirmed.

McFarland, J., and Lorigan, J., concurred.