[L. A. No. 1809. In Bank.—September 19, 1908.]

## S. L. ROBERTS, Appellant, *v.* THOMAS E. JACOB et al., Respondents.

SUMMONS—SERVICE BY PUBLICATION—AFFIDAVIT—DUE DILIGENCE—DUE PROCESS OF LAW.—An affidavit for the publication of summons, in which the plaintiff names twelve county officers of the county of whom he made inquiry, without avail, as to the whereabouts and post-office address or residence of the defendants, or either of them, and which further states that he has made due and diligent inquiry of old residents, the former neighbors of the defendants, naming them and giving their statements of their inability to furnish any information, sufficiently shows the due diligence required by section 412 of the Code of Civil Procedure to warrant a service of the summons by publication. A judgment rendered upon a service of summons by publication, based upon such an affidavit, is not violative of the constitutional guaranty of due process of law.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrence, Judge.

The facts are stated in the opinion of the court.

W. J. Mossholder, W. Parrish, and Parrish & Mossholder, for Appellant.

Collier, Smith & Holcomb, for Respondents.

HENSHAW, J.—Judgment was entered in favor of plaintiff and against the defendants in 1897. Jurisdiction of the defendants was obtained by publication of summons. Eight years after the entry of the judgment the trial court set it aside upon the ground that the facts set out in the affidavit for the order of publication did not show the due diligence required by section 412 of the Code of Civil Procedure. Plaintiff appeals.

The affidavit for publication of summons in this case contained all that was embraced in the affidavit considered by this court in *Rue* v. *Quinn*, 137 Cal. 651, [66 Pac. 216, 70 Pac. 732]. Moreover, it contained additional facts not averred in the affidavit considered in that case. In *Rue* v. *Quinn* the affiant declared that he had made inquiry "of sev-

eral prominent county officers" (giving the names of such officers) and further stated, "I have also made inquiry of all other persons from whom I could expect to obtain information as to the residence or whereabouts of each of the said defendants, and, after such search and inquiry and due diligence, the said defendants cannot be found within the state of California." In the affidavit in the case at bar, the plaintiff names twelve county officers of the county of whom, he made inquiry, without avail, as to the whereabouts and post-office address or residence of the defendants, or either of them. And, in addition, he avers that he has made due and diligent inquiry of the old residents of the city of San Diego, the former neighbors of said defendants, and then proceeds to give their names, together with their statements of their inability to furnish any information. The affidavit here presented is thus more complete and persuasive in its statement of facts touching diligence than that reviewed by this court in *Rue* v. *Quinn.* It is substantially conceded by respondent that to uphold the judgment of the trial court, we must reverse the decision of *Rue* v. *Quinn,* which has since been approved in *Weiss* v. *Cain,* 140 Cal. 17, 73 Pac. 980; *People* v. *Wrinn,* 143 Cal. 11, [76 Pac. 646]; *People* v. *Norris,* 144 Cal. 422, [77 Pac. 998]; *People* v. *Mason,* 144 Cal. 770, [78 Pac. 1113]; *Sharp* v. *Salisbury,* 144 Cal. 721, [78 Pac. 282]; *Shepard* v. *Mace,* 148 Cal. 272, [82 Pac. 1046]; *Cargile* v. *Silsbee,* 148 Cal. 260, [82 Pac. 1044]; *Emery* v. *Kipp,* ante p. 83, [97 Pac. 17]. Respondent urges that we should do this upon the ground that the decision violates the familiar section 1 of article XIV, of the constitution of the United States, and that this federal question was not considered by the court in rendering its decision. Herein respondent is in error. Every case where the question arises of the sufficiency of substituted process necessarily embraces the proposition as to whether or not there has been due process of law. The provision of the constitution of the United States does not differ in this respect from that found in section 13 of article I of our own constitution. Since the case of *Pennoyer* v. *Neff,* 95 U. S. 714, every case upon this subject-matter has been decided with direct reference, either express or necessarily implied, to these constitutional provisions. Respondent urges, however, that the decision of this court in *Rue* v. *Quinn* does

violence to the decisions of the supreme court of the United
States in *Roller* v. *Holly,* 176 U. S. 402, [20 Sup. Ct. 410],
and *Marx* v. *Ebner,* 180 U. S. 314, [21 Sup. Ct. 376]. In
*Roller* v. *Holly* the notice served upon the plaintiff in Rock-
ingham County, Virginia, December 30, 1890, required him
to appear in Limestone County, Texas, on January 5, 1891,
five days thereafter, to answer in a foreclosure suit. The
supreme court laid down the indisputable proposition that a
notice would be of no value unless the time limited by it were
reasonable and adequate for the purpose, and held that the
time limited by this notice under these circumstances was
unreasonable, and that, therefore, there was not due process
of law. There is certainly nothing in this case touching upon
the questions decided in *Rue* v. *Quinn.* In *Marx* v. *Ebner,*
the affidavit for publication of summons showed that summons
had been issued and returned by the marshal with the state-
ment "that after due and diligent search neither of the within
named defendants, nor their agents, could be found within
this district." The same return to the summons is made by
the sheriff in the case at bar. The affidavit for publication
of summons, in addition to the return of the marshal, showed
that one of the defendants was a foreign corporation, existing
under the laws of the state of Oregon; that another defend-
ant, Farrell, was not a resident of the district of Alaska, but
resided in the city of Portland. It further appeared that
no officer of the defendant corporation resided within the dis-
trict of Alaska, and that the corporation had no managing
agent or representative within the district; that the post-office
address was No. 246 Washington Street, Portland, Oregon,
and that Portland, Oregon, was also the post-office address
of the defendant, Farrell. Objection to the sufficiency of
this affidavit was made, upon the ground that it did not dis-
close any diligence, nor that after due diligence the defend-
ants, or either of them, could not be found in the territory.
The supreme court said: "The objection is made by the appel-
lant that there was no sufficient proof that the defendants
after due diligence could not be found; and, therefore, the
court ordering the publication had no jurisdiction to make
the order; that the simple statement of the marshal that
defendants could not be found after due and diligent search
was no proof that any such search had been made, and that

it was necessary to show what had been done in the way of searching for defendants, so that the court could itself judge whether due diligence had been exercised. Taking the return of the officers with the other facts proved, we think this contention is not well founded." The affidavit in the case at bar, as well as the affidavit in *Rue* v. *Quinn,* were much fuller and more complete in their statement of facts showing diligence, than was the affidavit held sufficient by the supreme court in the case last mentioned. Therefore, neither upon the merits of respondents' contention nor upon the authorities which are cited, is any reason shown for a departure from the decision of this court in *Rue* v. *Quinn,* nor for an affirmance of the order of the trial court in setting aside the judgment in this case.

For which reasons the order appealed from is reversed.

Angellotti, J., Lorigan, J., Sloss, J., and Shaw, J., concurred.