[Sac. No. 4089.   Department Two.—December 13, 1928.]

MANUEL L. GOULARTE, Respondent, v. ANNA GOULARTE, Appellant.

Elmer S. Leslie and E. H. Christian for Appellant.

H. W. Coale for Respondent.

LANGDON, J.—This is an appeal from an order denying a motion to set aside an interlocutory and final decree of divorce on the ground that the trial court never acquired jurisdiction of the defendant. The appeal is upon the judgment-roll alone, which shows that summons was issued on April 1, 1920. It was delivered to the sheriff on April 3, 1920, and, on the same day, he made return that defendant could not be found in San Joaquin County. On April 5, 1920, the summons and return were filed with the county clerk. On April 12, 1920, plaintiff made affidavit for publication of summons and on April 15, 1920, the court ordered

service by publication, the original summons being used for publication.

■ One of the contentions of the appellant is that the judgment is void because summons having been returned and filed, it became *functus officio* for all purposes and the trial court had no authority to order service of it by publication. This contention is without merit. The case of *Rue* v. *Quinn,* 137 Cal. 651, at page 657 [66 Pac. 216, 70 Pac. 732], directly passes upon the point raised.

■ The other point urged on the appeal is that the judgment is void upon its face because it does not appear from the judgment-roll that the default of the defendant was duly entered by the clerk. The clerk's transcript herein contains a copy of a "Demand for Default" and a copy of the "Clerk's Default," showing the entry of the default, but appellant contends that these are not to be considered by us as they constitute no part of the judgment-roll. The complaint has no memorandum indorsed thereon that the default of the defendant in not answering was entered, as provided for in section 670 of the Code of Civil Procedure. Also, the interlocutory decree does not contain the usual recital that the default of the defendant has been duly entered. While the decree herein does not present the best form of decree, we think its lack of formality does not demand a reversal of the order of the trial court made herein, for the reason that the interlocutory decree does contain a recital as follows: "and the defendant not appearing either by counsel or in person, but making default . . , " etc. While the words, "making default," lack the precision which would be desirable, nevertheless, the word "default" is often used loosely to cover a variety of shades of meaning. (18 C. J. 455.) This court is bound to indulge in any presumptions which it may in support of the judgment under attack and in support of the order of the trial court refusing to set the same aside. We, therefore, consider the language used as indicating an entry of the defendant's default. The trial court had before it its own records and knowing that the default had actually been entered, it doubtless used the words, "making default," in the judgment to indicate that fact and, being aware of its own records, had this in mind in denying the motion to set aside the decrees.

Thus considered, the judgment is not void upon its face, nor subject to the attacks made upon it by the appellant.

The order appealed from is affirmed.

Shenk, J., and Richards, J., concurred.