680

## MIGUEL ALCÁZAR, Petitioner, v. DISTRICT COURT OF PONCE, Respondent.

No. 1684.—Argued November 3, 1947.—Decided November 14, 1947.

*R. Atiles Moréu* for petitioner. The respondent judge appeared by brief.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On April 3, 1946, the District Court of Ponce rendered judgment in favor of petitioner Miguel Alcázar in a dominion title proceeding. On November 21 of that same year, the

petitioner moved said court to set aside the judgment rendered, and alleged that upon a certified copy of said judgment being presented to the Registrar of Property of Ponce, the latter had informed him that in view of the location and boundary of the property involved in said proceeding, the same formed part of property No. 9698, which is recorded in favor of Pedro Clausells Armstrong, of legal age, and a resident of Ponce; that the proper procedure was to give the record owner an opportunity to appear in court and state whether he consented to the cancellation of the entry existing in his favor in the registry of property or whether, on the contrary, he objected thereto. Wherefore, he prayed that the judgment be vacated and the case reopened, in order to summon and hear said record owner. On December 4 following, the court entered an order stating that the granting of the motion would involve the institution of a new proceeding, and that it considered, on the other hand, that the proper procedure was to "bring together the record owner, his immediate prior vendor (*sic.*), and all interested persons and execute the proper deed in order to be able to record the property involved in this proceeding as a segregation of property No. 9698." [1]

Feeling aggrieved by that decision, the petitioner applied to us for a writ of certiorari, and after the writ was issued and the proper briefs filed,[2] the case was submitted to us for final decision, without a hearing.

██ The lower court did not act correctly in the form it did. The procedure indicated by it—the reconstruction of the chain of title—is not always the shortest way, nor the most practicable. If the person in whose name the property appears recorded in the registry parted with it years ago,

---

[1] On the same day that the District Court of Ponce issued the above-mentioned order, the petitioner filed a new motion reiterating his request of November 21. We do not know whether the court, in rendering its aforesaid order, had in mind the new motion filed, but if so, the second motion should be considered as a part of the first one. 14 Cal. Jur. 1049.

[2] See Rule 15(*e*) of this Court.

682

it is quite possible that in the meantime some of the persons who preceded the petitioner or who followed the record owner in the registration of the property, might have disappeared or left the country. If one or more links are missing, the reconstruction of the chain is very difficult, if not impossible. On the other hand, this Court has already held that "In Puerto Rico the cancellation of a conflicting record in a dominion title proceeding does not lie *unless the record owner consents thereto or unless he is heard and defeated in court, upon objecting to the relief sought by the petitioner.*" (Italics ours.)   *Rodríguez v. Registrar,* 65 P.R.R. 614, 617.   This undoubtedly means, *a contrario sensu,* that if within the dominion title proceeding the record owner is summoned and *heard* and he consents to the cancellation of the record in his favor or is defeated in court, the conflicting entry can and should be cancelled.   *Iñesta v. Registrar,* 65 P.R.R. 726, 727.

The respondent court also insists that its order denying the motion to vacate the judgment should stand, since the motion came too late.[3]   It is well settled that a motion of that character, filed after the expiration of six months, should be peremptorily denied, unless it is shown that the judgment in question is void on its face, in which case the motion may be filed at any time.   *People v. Davis,* 143 Cal. 673, 675; *Rue v. Quinn,* 137 Cal. 651, 654; 14 Cal. Jur. 1067.   Is the judgment rendered by the District Court of Ponce in the dominion title proceeding herein void on its face?   *Prima facie* it is not.   However, it should be borne in mind that it is a rule of law that in order to determine whether or not a judgment is void upon its face an examination should be made not only of the judgment itself but also of the judgment roll of which it forms a part.   In the original petition to establish a dominion title, filed in the lower court, it is emphatically stated that "the property has never

[3] Cf. *Great American Insurance Company v. District Court,* 67 P.R.R. 529.

been recorded," and in the very judgment rendered the same assertion appears, as well as that "the former owners whose whereabouts is unknown, the unknown persons, and those who might be entitled to oppose the petition" have been summoned by publication. None of those documents, nor the judgment roll as a whole, shows, however, that the record owner was summoned *and heard*. Nevertheless, in order to determine whether the judgment is fatally defective we should not confine our examination to the full text of the judgment, the entire contents of the judgment roll, for when the party who requests the opening or vacating of a judgment, is the one in whose favor the judgment runs, then the facts alleged in the motion filed to that effect should be considered as a part of the record. *Thompson* v. *Cook*, (1942) 20 Cal. (2nd) 564, 569. If upon the latter being thus supplemented, it appears therefrom that the judgment is void, the motion can then be filed at any time and the judge to whom the application is made shall be bound to grant the same, to vacate or open the judgment, and to hear any proper evidence the petitioner may wish to present. *Neblett* v. *Pacific Mutual Life Insurance Company*, (1943) 22 Cal. (2nd) 393, 400, and 15 Cal. Jur. § 146, p. 62.[4]

For the reasons stated the order rendered by the District Court of Ponce on December 4, 1946, in civil case R–1230, should be set aside.

---

[4] See also the dissenting opinion of Mr. Justice Carter of the Supreme Court of California in *Willson* v. *Security First National Bank*, (1943) 21 Cal. (2d) 705, 716.