## MARX v. EBNER.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF ALASKA.

No. 126. Argued January 22, 1901. — Decided February 25, 1901.

Under section 56 of the Oregon Code referred to in the opinion of the court as in force in the District of Alaska, when an affidavit shows that the defendant is a non-resident of the district, and that personal service cannot be made upon him, and the marshal or other public officer to whom the summons was delivered returns it with his indorsement that after due and diligent search he cannot find the defendant, such proof is sufficient to give jurisdiction to the court or judge to decide the question of foreclosure of a mortgage on real estate of the defendant situated in that district.

In such a case facts must appear from which it will be a just and reasonable inference that the defendant could not, after due diligence, be found, and that due diligence has been exercised; and such an inference is reasonable when proof is made that the defendant is a non-resident of the State, Territory or district, and there is an affidavit that personal service cannot be made upon him within its borders and there is a certificate of the marshal to the effect of the one which appears in this case.

THE appellant has appealed from a judgment of the District Court of the United States for the District of Alaska dismissing his complaint. Both parties claim the property in dispute from a common source of title, which is the Takou Mining and Milling Company. The property consists of mining land in the Territory of Alaska, of which the defendants are in possession, and they claim title through a sale under a decree of foreclosure of a mortgage of the property by the Takou Company, which mortgage was executed at a time when the company was the owner of the property.

After the execution of the mortgage the company conveyed some, but not all, of the property covered by it to one Sylvester Farrell, subject to the mortgage, and after the foreclosure and sale under the mortgage Farrell and wife and the Takou Company sold and conveyed all of the property to the plaintiff, who claims to own the same subject to whatever may be

due on the mortgage. He contends that the foreclosure proceedings under which the defendants claim title to the property were totally void, because the court in which they were conducted never obtained jurisdiction by valid service of process on the mortgagor company or upon Farrell. The facts upon which the allegation of a lack of jurisdiction was based are set out in full in the complaint, and the plaintiff asks that the defendants be decreed to be mortgagees in possession; that an accounting may be had to ascertain the exact amount due on the mortgage, which is alleged to be about $1000, and that the defendants vacate the property and surrender the possession thereof to the plaintiff, and that the pretended decree of foreclosure be annulled.

The defendants demurred to the complaint, the court sustained it, and upon the plaintiff refusing to amend, a decree was entered finally dismissing his complaint, and from that decree he has appealed to this court.

*Mr. Scott Beebe* for appellant.

*Mr. Henry E. Davis* for appellees. *Mr. William W. Dudley*, *Mr. L. T. Michener* and *Mr. R. A. Friedrich* were on his brief.

MR. JUSTICE PECKHAM, after stating the foregoing facts, delivered the opinion of the court.

Counsel for the appellant admits that if the foreclosure proceedings operated to pass the title to the property mortgaged, this decree must be affirmed. He contends, however, that it appears on the face of the complaint that there was a want of jurisdiction in the court to render any judgment whatever in the foreclosure action, and that hence no title was conveyed to the defendants by virtue of the foreclosure decree and the sale thereunder. The record of the foreclosure action is set out in the complaint, and the ground upon which the allegation of a lack of jurisdiction is founded is the alleged defective character of the proof of the service of process by publication.

Section 56 of the code under which this service was made reads as follows :

"When service of the summons cannot be made as prescribed in the last preceding section, and the defendant after due diligence cannot be found within the State, and when that fact appears by affidavit to the satisfaction of the court or judge thereof, or justice of the peace, in an action in a justice's court; and it also appears that a cause of action exists against the defendant, or that he is a proper party to an action relating to real property in this State, the court or judge thereof, or a justice of the peace in an action in a justice's court, shall grant an order that the service be made by publication of a summons in either of the following cases."

Here follows a list of the cases in which an order for publication may be made, and it is not disputed that the case of the foreclosure of a mortgage of land within the Territory was one in which such publication could be ordered.

From the record in the foreclosure action it appears that process was issued to the marshal in Alaska on the 21st of December, 1893, and that it was returned by him to the clerk's office January 2, 1894, with the following indorsement by him:

"United States of America, } ss.:
    District of Alaska,        }

"I hereby certify that the within summons came into my hands for service on the 22d day of December, 1893, and that after due and diligent search neither of the within-named defendants nor their agents could be found within this district.

"Dated at Juneau, Alaska, this 2d day of January, 1894."

With such summons and the return made thereon by the marshal was an affidavit made by the attorney for the plaintiff, which, among other things, stated that the defendant, the Takou Mining and Milling Company, was a foreign corporation organized and existing under the laws of the State of Oregon, and that the defendant Farrell was not a resident of the District of Alaska, but resided in the city of Portland in the State of Oregon; that the defendant corporation was the mortgagor, and that Farrell purchased from the mortgagor some of the property subsequent to the execution of the mortgage.

It also appeared from the affidavit that no officer of the de-

fendant corporation resided within the District of Alaska, and that the corporation had no managing agent or representative within that district; that the post office address of its president was No. 246 Washington street, Portland, Oregon, and that Portland, Oregon, was also the post office address of the defendant Farrell; that the summons was duly issued out of the court to the United States marshal for the District of Alaska, with directions to the marshal to serve the same upon the defendants; that personal service of the summons could not be made on the defendants, and the plaintiff therefore asked an order that the service of the same might be made by publication. Upon this proof an order was made by the judge of the court, which, after reciting that it satisfactorily appeared to him that the defendants resided out of the district and could not, after due diligence, be found therein, directed the publication of the summons in a newspaper published at Juneau, Alaska, at least once a week for eight weeks. The order was dated January—, 1894, and signed by the judge. The summons was thereafter published as required by the order and a copy of the complaint was sent by mail to each of the defendants at their post office address, as directed, and as the defendants did not appear, judgment of foreclosure and sale was given, and under the decree the premises were sold and the defendants have the title which passed by the sale. The objection is made by the appellant that there was no sufficient proof that the defendants, after due diligence, could not be found, and therefore the court ordering the publication had no jurisdiction to make the order; that the simple statement of the marshal that defendants could not be found after due and diligent search was no proof that any such search had been made, and that it was necessary to show what had been done in the way of searching for defendants, so that the court could itself judge whether due diligence had been exercised. Taking the return of the officer, with the other facts proved, we think this contention not well founded.

As to the case of the corporation, it appeared that it was a foreign corporation organized under the laws of Oregon, that none of its officers resided within the District of Alaska, and that it had no managing agent or representative therein, and

that its president resided in Portland, Oregon. There is also a distinct allegation in the affidavit of the attorney for the plaintiff, used to procure the order for publication, that the defendant Farrell was not a resident of the District of Alaska at the time of the making of the affidavit, and that he resided in the city of Portland, in the State of Oregon, and that personal service of the summons could not be made on him, and then there is the return of the marshal stating that the summons came into his hands on December 22, 1893, and that after due and diligent search neither of the defendants or their agents could be found within the district, and that certificate was dated January 2, 1894.

We think on these facts there was sufficient proof to give the judge jurisdiction to determine the question before him, and consequently his order for publication was valid. The order was not alone based on the statement that the defendants could not after due and diligent search be found, but there were the other facts showing the non-residence of both parties; that there was no managing agent or representative of the corporation defendant within the district; and that neither could be personally served with process therein.

The cases referred to by the appellant are not opposed to these views. There is nothing to the contrary in *McCracken* v. *Flanagan,* 127 N. Y. 493, cited by the appellant. At the time of that decision, section 135 of the Code of Procedure of that State provided that where the person on whom the service of summons is to be made cannot after due diligence be found within the State, and that fact appears to the satisfaction of the court or a judge thereof, etc., an order for publication may be made in the cases mentioned. The affidavit which in the above case was held insufficient stated "that defendant is a non-resident of this State nor can be found therein," leaving out the statutory words "after due diligence," and for want of those words, or of language substantially like them, the affidavit was held fatally defective, no proof of any effort to serve being given.

The case of *Kennedy* v. *New York Life Insurance &c. Company,* 101 N. Y. 487, was cited in the opinion, and the affidavit

in that case stated that the defendants " cannot after due diligence be found within this State," and that they were residents of other States named, and that the summons " was duly issued for said defendants, but cannot be served personally upon them by reason of such non-residence." This affidavit was held to be sufficient, and the court said : " The statement as to due diligence is not absolutely an allegation of a conclusion of law or an opinion, but, in connection with what follows, a statement of facts which tend to establish that due diligence has been used."

In *McDonald* v. *Cooper*, 32 Fed. Rep. 745, the Circuit Court of the District of Oregon held that the affidavit to obtain the order for publication must contain some evidence having a legal tendency to prove that the defendant could not be found in the State after due diligence, and the mere assertion of the fact was insufficient, but it was also held that a statement of the facts as to the residence and actual abode of the defendant, which shows beyond a peradventure that a search for him within the State would be unavailing, is sufficient. " Beyond a peradventure " is stronger language than is necessary. It is seldom that such certainty of proof is possible.

We think where the affidavit shows that the defendant is a non-resident of the district and that personal service cannot be made upon him, and the marshal or other public officer to whom the summons was delivered, returns it with his indorsement that after due and diligent search he cannot find the defendant, such proof is sufficient to give jurisdiction to the court or judge to decide the question. It is not to be expected that positive proof that the defendant cannot be found within the State or district will always be attainable. Facts must appear from which it will be a just and reasonable inference that the defendant could not after due diligence be found, and that due diligence has been exercised, and we think such an inference is reasonable when proof is made that the defendant is a non-resident of the State, and there is an affidavit that personal service cannot be made upon him within its borders and there is a certificate of the marshal such as appears in this case. There is, too, some presumption that the public officer who has received

the process for service has done his duty and has made the reasonable and diligent search for the defendant that is required. Such presumption is not alone sufficient in the absence of all proof of other facts, but when such other facts as appear in this case are sworn to, it may add some weight to them as a presumption in favor of the performance of official duty.

Within this rule the proof in this case was enough to give jurisdiction to the judge who granted the order to decide the question.

We have not overlooked the other objections made by the appellant relating to the invalidity of the decree, but we do not regard it necessary to notice them further than to say that we think they are not well founded.

The judgment of the court below is, therefore,

*Affirmed.*