**BUTLER et al. v. McKEY.**

No. 10381.

Circuit Court of Appeals, Ninth Circuit.

Sept. 8, 1943.

Rehearing Denied Nov. 3, 1943.

374

Dinkelspiel & Dinkelspiel, of San Francisco, California, for appellants.

Sullivan, Roche, Johnson & Farraher, of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Plaintiffs appeal from an order of the district court, granting a motion to quash service of summons on defendant, appellee herein, and vacating the default judgment entered against her, which order was made after the expiration of the period set aside for questioning a judgment directly.

Plaintiffs filed a creditors' bill in the District Court of the United States for the Northern District of California on November 19, 1936. The suit was based upon the statutory stockholders' liability of defendants as shareholders of the Woodlawn Trust and Savings Bank, an Illinois corporation. All of defendants, but none of plaintiffs, were citizens and residents of California. Some of defendants, including appellee herein, resided in the Southern District of California. Appellants in January of 1939 made a motion requesting an order for the publication of summons upon appellee on the grounds that appellee could not after due diligence be found within the state or within the jurisdiction of the court and that appellee was concealing herself to avoid service of summons. The motion, was supported by an affidavit signed by Fred S. Herrington, one of plaintiffs' attorneys. The affidavit outlined in detail the efforts made by the United States Marshal at Los Angeles to effect service which acts were recounted in letters to affiant, noted that the original subpoena was filed with the clerk, and made reference to the

same for further particulars and to the marshal's return affixed thereto. The return consists of a certification by each of three deputy marshals that on a certain day, different in each case, he received the subpoena ad respondendum and that after diligent search he was unable to find appellee. The affidavit then related what had been reported to affiant as to the numerous attempts to effect service of Leo K. Gold, an attorney appointed by the court to serve upon appellee the subpoena ad respondendum as well as any alias or other subpoena. It referred to unsuccessful inquiries made by a Los Angeles law firm to serve appellee in another proceeding. There followed a paragraph containing in effect the following statements: that, in view of the foregoing, plaintiffs' attorneys realized the futility of further endeavor; that Grace McKey could not after due diligence be found within the state; that affiant was informed and believed and therefore alleged as a fact that Grace McKey was concealing herself to avoid service; that affiant and plaintiffs' attorneys had made a diligent search for appellee and had inquired of everyone from whom they could expect to receive information as to appellee's whereabouts; and that they did not know and could not learn her whereabouts except that they were informed and believed and therefore alleged as a fact that appellee was residing in California.

The court ordered publication of summons. The order declared: "it further appearing to the satisfaction of the Judge from said affidavit and from other evidence, and the Court finds * * * that diligent search has been made for said defendant Grace Appleton McKey in the State of California and within the jurisdiction of this Court in order to serve said subpoena and said alias subpoena upon her, and that said defendant cannot, after due diligence, be found within the State of California or the jurisdiction of this Court, and that said defendant has been and now is concealing herself to avoid the service of said process * * *." The proper steps having been taken to accomplish service by publication, a judgment by default of the clerk was entered on April 18, 1939. Included therein was a recital that the defendant Grace Appleton McKey had "been duly and regularly served with summons."

In 1942, more than three years after entry of judgment, appellee moved the court to quash service of summons setting up as one ground that the court had no jurisdiction to order the publication of summons as the affidavit upon which the order was based contained facts predicated upon hearsay. The court granted the motion and vacated the default judgment. At the same time it denied appellee's motion to dismiss and appellants' motion to file additional affidavits concerning the attempted service. Appellants appeal from the order of the district court except in so far as it denies the motion to dismiss the action.

Although the original action was commenced in 1936, the motion requesting an order for the publication of summons was not made until 1939 and therefore, under the provisions of Rule 86, is governed by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Rule 4 (d) (7) decrees that service upon an individual such as appellee can be accomplished according to any statute of the United States or according to the law, relative to actions in courts of general jurisdiction, of the state in which service is made.

For the reason that the method used herein followed the terms of § 412 of the California Code of Civil Procedure, we treat first of the California law. The cited section provides: "Where the person on whom service is to be made * * *cannot, after due diligence, be found within the State; or conceals himself to avoid the service of summons; * * * and the fact appears by affidavit to the satisfaction of the court * * *; and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant * * *, such court * * * may make an order that the service be made by the publication of the summons * * *."

The California decisions are not entirely clear as to the effect of hearsay statements in an affidavit in support of an order for publication of summons. A statute defining service in such manner must be strictly construed, Galpin v. Page, 85 U.S. 350, 18 Wall. 350, 21 L.Ed. 959; Braly v. Seaman, 30 Cal. 610, and the facts showing exactly what means were taken in the exercise of due diligence must be set forth in the affidavit, Ricketson v. Richardson, 26 Cal. 149. The instant motion must be considered under the principles applicable to a collat-

**376**

eral attack, for, although it is a direct attack, the motion was presented after the time for a direct appeal had expired, City of Salinas v. Luke Kow Lee, 217 Cal. 252, 18 P.2d 335. It is a basic rule that a judgment is void and subject to collateral attack if a lack of jurisdiction in the court appears on the face of the record. Therefore, the question involved herein is whether the default judgment was void on its face as showing that the court therein acquired no jurisdiction over the person of appellee by means of the published summons.

█ It seems evident that in California an affidavit based on information and belief would support an order for publication of summons. Two California Supreme Court decisions very definitely hold that the hearsay nature of facts stated in an affidavit may be considered by the judge in drawing his conclusion as to due diligence, but that such a hearsay affidavit does not automatically render the judgment void against collateral attack, Rue v. Quinn, 137 Cal. 651, 66 P. 216, 70 P. 732; Ligare v. California Southern R. Co., 76 Cal. 610, 18 P. 777. Directly contra to this principle is Kahn v. Matthai, 115 Cal. 689, 47 P. 698, Columbia Screw Co. v. Warner Lock Co., 138 Cal. 445, 71 P. 498, held on direct appeal that a judgment based upon hearsay statements in the affidavit for the publication of summons could be set aside. It does not overrule Rue v. Quinn, supra, holding that on similar facts such a judgment could not be set aside on collateral attack. The Kahn case determined that an affidavit containing hearsay as to the exercise of due diligence was insufficient to uphold an order for publication. It involved a direct appeal from the judgment questioned. It mentioned the fact that an affiant cannot be held responsible for the truthfulness of hearsay statements in an affidavit. The California District Court of Appeal in Application of Behymer, 130 Cal.App. 200, 19 P.2d 829, followed the reasoning of the Kahn case explicitly and on a collateral attack held a prior judgment void. However, in the meantime in Rue v. Quinn, supra, the Supreme Court had restricted the effect of the Kahn case to circumstances where a direct appeal was taken from the judgment questioned.

█ The California cases support the conclusion that on a direct appeal from a judgment an affidavit based upon hearsay will be found fatally defective, and the judgment will be ordered reversed. However, on a collateral attack or on a direct attack after the expiration of the period for appeal the affidavit will be found sufficient, and the judgment will not be held void. The comparison was clearly drawn in the early case of Forbes v. Hyde, 31 Cal. 342, 349: "There is a marked distinction between an affidavit which presents some evidence on a vital point, but clearly of a character too unsatisfactory to justify an order for publication of summons based upon it, and an affidavit which presents no evidence at all tending to prove the essential fact. In the former case the judge might be satisfied upon very slender and inconclusive testimony; but there being some appreciable evidence of a legal character, which calls into action the judgment of the judge, he has jurisdiction to consider and pass upon it. He may be wholly and egregiously wrong in his conclusion upon the weight of the evidence, but he has jurisdiction to act upon it, and his action is simply erroneous. His order would, in such case, be reversed on appeal. * * * Such a judgment could not be collaterally attacked."

█ As heretofore stated, the affidavit in the instant case contains more than statements based upon hearsay. It alleges that affiant and plaintiffs' attorneys "have made a diligent search for said defendant and have made inquiries of each and every person whom they could expect, or had any reason to believe they would receive, information as to the whereabouts of said defendant," and is in other respects similar to the affidavit held sufficient on collateral attack in Ligare v. California Southern R. Co., 76 Cal. 610, 18 P. 777. Furthermore, it refers to the return of the United States Marshal and therefore incorporates positive statements from at least three individuals as to their inability to find appellee. Therefore, the affidavit would adequately support the order of publication of summons upon appellee, and the default judgment against her would be valid in California.

The result under the federal decisions would be the same. Thompson v. Thompson, 226 U.S. 551, 556, 33 S.Ct. 129, 133, 57 L.Ed. 347, involved a situation closely analogous. There the Supreme Court, after concluding that an affidavit made wholly on information and belief was a sufficient

basis for an order for publication of summons under Virginia law, set forth as an additional ground for its decision that even though the Virginia law were otherwise, the judgment might be erroneous but would not be void on its face where the affidavit was defective "not in omitting to state a material fact, but in the mode of stating it or in the degree of proof." The Supreme Court remarked in Pennoyer v. Neff, 95 U. S. 714, 24 L.Ed. 565, that defects in an affidavit supporting an order for publication of summons cannot be utilized to impeach a judgment collaterally but only to question it on appeal. The court looked to the return of the marshal as well as the affidavit, under a statute similar to the California statute, in Marx v. Ebner, 180 U.S. 314, 21 S.Ct. 376, 45 L.Ed. 547, and mentioned the presumption that a public officer has done his duty and has conducted the diligent search required. Should a like practice be followed in the instant case, the marshal's return in the record would constitute a direct statement of due diligence.

The argument is not tenable that a perjury charge cannot be sustained against an affiant who sets forth hearsay matter as fact. In a situation where no specific information has been imparted to him, if a man swears that he has received such information, and if he swears that because of such information, a defendant could not with due diligence be found or a defendant was concealing himself to avoid service, he subjects himself to liability for perjury, for he has corruptly made a positive statement. Cohen v. Portland Lodge No. 142, B.P.O.E. 9 Cir., 152 F. 357.

Reversed.