ZION'S BEN. BLDG. SOC. v. GEARY et al.

No. 7075.   Decided February 21, 1948.   (189 P. 2d 964.)

See 49 C. J. S., Judgments, sec. 404. Doctrine of res adjudicata as applied to judgments by default, see note, 128 A. L. R. 472. See, also, 37 Am. Jur. 78.

*C. E. Norton,* of Salt Lake City, for appellants.

*Moyle & Moyle,* of Salt Lake City, for respondent.

PRATT, Justice.

This is an appeal from a judgment of the lower court, sitting without a jury, quieting title in plaintiff to a house and lot situated in Salt Lake City, Utah, described as follows:

"Beginning 2 rods West and 2 rods South of the Northeast corner of Lot 4, Block 20, Five Acre Plat 'A,' Big Field Survey and running thence West 177.75 feet; thence South 77.88 feet; thence East 177.75 feet; thence North 77.88 feet to the place of beginning."

The default of the defendant Joseph Jensen as administrator was entered at the trial, which left as the active participants, the plaintiff, and the defendants, Rachel P. Geary and Mr. and Mrs. Norton. The Nortons claim their interest

through Mrs. Geary and were fully informed of the defects of her title.

Plaintiff's title is founded upon a purchase at foreclosure sale, the result of plaintiff's foreclosure of a note and mortgage, dated February 17, 1928, and executed to plaintiff by Jens C. Jensen in his lifetime; and also upon a quitclaim deed from the heirs of the mortgagor.

The defendant Geary's interest, whatever its nature, came to her as the wife of Edward L. Geary. The estate of Mr. Geary was probated and all of his property distributed to Mrs. Geary on July 28, 1943.

The original interest of the Gearys is rather uncertain and was claimed to have been obtained in the property above described from an agreement between one Franklin R. Jones and Marius Jensen, one of the heirs of Jens C. Jensen, dated May 1, 1931, or a similar agreement. In that agreement Marius Jensen agreed to execute a warranty deed to one Thomas Geary, not Edward L. Geary, if Jones would complete the probate of the estate of Jens C. Jensen. That probate was never completed and there is no evidence of a deed to Thomas Geary from Marius Jensen. The name of Edward L. Geary first appears in the chain of title in the action commenced by the plaintiff to foreclose the note and mortgage to which reference is made above. The mortgage secured a loan of $4,250. The decree of court in the foreclosure action was entered April 13, 1932. In that action Thomas Geary and Edward L. Geary (defendant Rachel Geary's husband, now deceased) were made defendants along with Marius Jensen as executor of the last will and testament of Jens C. Jensen, deceased. There is an error in the various records as to this last defendant, though it does not show in the foreclosure record. Joseph Jensen and not Marius Jensen was the person charged with the administration of the estate of Jens C. Jensen. Marius Jensen was named in the will as executor but, as he was apparently out of the state Joseph was appointed administrator with will annexed. It is hard to understand the error in view of the fact that counsel for Joseph Jensen, the ad-

ministrator, appeared as counsel for Marius Jensen as executor, and entered an appearance of the latter. The defendants in the foreclosure proceeding defaulted. A decree of foreclosure was entered. It was expressly recited in that decree that the claims of Thomas Geary and Edward L. Geary were subject to the lien of the plaintiff. As indicated above plaintiff purchased the property at that foreclosure sale.

Both Marius Jensen and Joseph Jensen, the sole heirs of Jens C. Jensen, have, since the foreclosure proceedings, quitclaimed their interests in the property to the Zion's Benefit Building Society the plaintiff herein and they do not at this time claim any interest in said property. This quitclaim deed is acknowledged in March, 1946. The trial of this case took place December 15, 1946, and many of the facts were stipulated.

Between 1933 and 1935 Edward L. Geary made applications for loans to redeem the property from the foreclosure sale. Plaintiff had agreed to allow such redemption. His efforts were unsuccessful and the plaintiff refused to sell to him on an installment contract on account of his age. Apparently as a last resort he arranged to have a contract of sale made between plaintiff and Fawn McCandless and W. Raymond McCandless who were his granddaughter and her husband. This contract of sale denominated a "Bond for Deed," was executed March 17, 1936. On February 15, 1941 an agreement was entered into between the McCandlesses and plaintiff modifying the Bond for Deed. The modification dealt with the delinquencies of the buyers and provided for increased installments. Edward L. Geary approved the modification agreement and agreed that his interests

*"as agent * * * or otherwise"* (Italics added)

of the McCandlesses would be governed by it. His agreement to this effect reads as follows:

"I Edward L. Geary, hereby certify and agree that I have read the foregoing Agreement and know the content thereof and that the legal

effect thereof has been explained to me by legal counsel and I hereby approve said Agreement in every particular and request the execution of said Agreement between said Zion's Benefit Building Society and the parties of the second part and agree that so far as any interest that I may have in said premises as agent for the parties of the second part or otherwise shall be governed by the terms of said Bond for Deed of March 17, 1936 as modified by the provisions of the above Agreement.

"Witness my signature this 14th day of February 1941."

By paragraph 2 of this agreement Edward L. Geary discharged plaintiff from all obligations except that of conveying to the McCandlesses, and disclaimed any other interest in the premises.

The McCandlesses allowed Mr. Geary to manage the property for them, collecting the rent and making the payments to the plaintiff. They claimed that upon payment in full, the deed to the property was to be made to them. In case of a default the contract could be forfeited.

Payments on the McCandless contract were made by Mr. Geary until September 22, 1941. He died October 10, 1941. No further payments were made thereafter. On January 3, 1942 the McCandlesses surrended their contract to plaintiff and requested that it be cancelled.

Since the surrender of the contract Mrs. Geary and her brother Mr. Fullmer have approached the plaintiff attempting to get a contract to sell to them. Such negotiations have not resulted in any agreement.

Mrs. Geary in an amended answer prepared but not submitted to the court, though filed of record, alleges collusion and fraud practiced upon her in the foreclosure proceeding by the plaintiff and the defendants Marius and Joseph Jensen and Joseph Jensen, as administrator. There is no evidence to support such an allegation of fraud.

There is no evidence of a deed or conveyance of any kind to Edward L. or Rachel P. Geary. The record is full of evidence that Edward L. Geary recognized the priority of the interest of the plaintiff and that his interest in the land was subject to that of plaintiff. As stated above the

evidence is not clear as to just how Edward L. Geary actually acquired any interest in the property. It is claimed that there were instruments similar to that between Jones and Marius Jensen of May 1, 1931 indicating an agreement to convey to him. On the other hand this instrument of May 1, 1931 seems to be referred to as the foundation of Edward's interest. He, however, is not mentioned in it. There is no doubt, however, that the parties by their acts recognized him as having a claim of some kind. So much for the record and the evidence submitted.

Counsel for Mrs. Geary argues that, as plaintiff failed to serve proper representative of the estate of Jens C. Jensen, plaintiff can claim nothing as the result of that foreclosure. For the effect of an attempt to foreclose a mortgage without suing the mortgagor, we invite attention to *Michelson* v. *Anderson,* 81 Utah 444, 19 P. 2d 1033. The defendants in the foreclosure, including Edward L. Geary, defaulted. No appeal was taken from the decision of the trial court, and the decree became final. It may not now be collaterally attacked if that is counsel's contention. *Intermill* v. *Nash,* 94 Utah 271, 75 P. 2d 157. The foreclosure record does not show on its face the mentioned defect.

Counsel for Mrs. Geary refers to the following sections of our 1933 Revised Statutes as barring this action: 104-57-7, 104-2-5, 104-2-6, 104-2-21, and 102-9-11 as barring the foreclosure proceeding. The Section 104-57-7 pertains to the effect of a mortgage as conveying title, and the other sections of title 104 are statutes of limitations. They afford defendants no defense to this action. Section 102-9-11 pertains to waiver of all recourse against other property of an estate as a prerequisite to foreclosure of a mortgage against the estate. For the reasons set out above this section is not available to defendants as a defense, the decree in foreclosure having become final.

The other errors of which defendants complain are without merit.

The decision of the lower court is affirmed. Costs to respondent.

McDONOUGH, C. J., and WADE and LATIMER, JJ., concur.

WOLFE, J., concurs in the result.