THE STATE OF OHIO, APPELLEE, v. BAYLESS, APPELLANT.

[Cite as State v. Bayless, 14 Ohio App. 2d 11.]

(No. 529—Decided April 3, 1968.)

*Mr. Robert Perdue,* prosecuting attorney, *Mr. Gerald E. Radcliffe* and *Mr. Edward Bunstine,* for appellee.
*Mr. Val B. Mowrey, Jr.,* for appellant.

GRAY, J. This cause is in this court on appeal on questions of law from a judgment of the Court of Common Pleas of Ross County finding defendant guilty of the crime of perjury.

In a previous bastardy case, Robert Bayless was the defendant therein. Two friends, Louis Tyler and Weldon Thomas, testified that they had had relations with Sharon Brown, the prosecuting witness in the bastardy case, at about the time she alleged defendant had relations with her causing her to become pregnant and to deliver a bastard child. No doubt as a result of this testimony, defendant was found not guilty in the bastardy case.

Both Louis Tyler and Weldon Thomas recanted, admitted their perjury in the bastardy case and testified on behalf of the prosecution in the present case. Both testified in the case that neither had had relations with Sharon Brown.

Louis Tyler testified that defendant offered him fifty dollars to testify in the bastardy case that he had had relations with the prosecuting witness at about the time the

child was conceived. Weldon Thomas testified that defendant had asked him to do defendant a favor by testifying that he, Weldon Thomas, had sexual relations with Sharon Brown at about the time the child was conceived.

Defendant was indicted for perjury as a principal under the provisions of Section 1.17, Revised Code.

Defendant was found guilty in the perjury case and, after sentence, feeling aggrieved thereby, filed his notice of appeal and alleged the following errors:

"1. The court erred in failing to sustain defendant's motion for a directed verdict at the conclusion of the state's case.

"2. The court erred in refusing to direct a verdict on behalf of defendant, Robert Bayless, at the conclusion of all the evidence.

"3. The verdict is contrary to law and against the manifest weight of the evidence."

The main burden of defendant's complaint is that he did not know whether the two witnesses, whose perjury he allegedly suborned, had relations with the prosecuting witness in the bastardy case and, therefore, he could not be guilty of perjury.

We have read the record and are of the opinion that there is sufficient evidence to convict defendant.

When the evidence in a criminal case tends to sustain all the essential elements charged in the indictment, it is error for the trial court to withdraw the case from the jury and discharge the defendant. *State* v. *Axe*, 118 Ohio St. 514; *Painesville Utopia Theatre Co.* v. *Lautermilch*, 118 Ohio St. 167; *Cooper* v. *State*, 121 Ohio St. 562.

We believe that the offer of defendant of $50 to Louis Tyler to testify that he had relations with Sharon Brown shows a corrupt motive and intent as to procuring the testimony that such witness gave and also shows a corrupt motive in regard to securing Weldon Thomas to do defendant a favor by testifying that he and Wilbur Bayless, brother of defendant, had sexual intercourse with Sharon Brown on May 29, 1965, the date she said the child was conceived. It must be observed that a litigant does not offer a prospective witness $50 to tell the truth.

In II Wigmore on Evidence (3rd Ed.) 120, Section 278, the author says:

"It has always been understood—the inference, indeed, is one of the simplest in human experience—that a party's *falsehood* or *other fraud* in the preparation and presentation of his cause, his fabrication or suppression of evidence by bribery or spoliation, and all similar conduct, is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit. The inference thus does not apply itself necessarily to any specific fact in the cause, but operates, indefinitely, though strongly, against the whole mass of alleged facts constituting his cause."

The New Jersey Supreme Court, in *State v. Doto*, 16 N. J. 397, 404, 109 A. 2d 9, said:

"Where belief in the truth of the statement is the issue all testimony which constitutes circumstantial evidence of the falsity of the defendant's statement has been said to be direct evidence of the defendants' belief. *Formulation in Terms of Belief of the Rule of Evidence Applicable to Perjury Cases*, 51 Colum. L. Rev. 1056-1057 (1951). See also *7 Wigmore on Evidence (3rd Ed.* 1940) *Sec.* 2042, p. 281. Annotations, 42 A. L. R. 1058, 1063; 27 A. L. R. 848, 857; 15 A. L. R. 629, 634."

Certain well defined rules in regard to this situation must be kept in mind.

24A Corpus Juris Secundum 616, Criminal Law, Section 1849, states:

"After conviction, all intendments are in favor of the people, of upholding the judgment of the trial court, and of the regularity of the action and proceedings of the court below. All permissible inferences must be made in favor of the prosecution."

23A Corpus Juris Secundum 271, Criminal Law, Section 1120, states:

"* * * the jury has the responsibility of determining whether accused is guilty or innocent, and it is their province to pass on such question on the facts as presented,

no matter how conflicting the testimony may be. If one of two possible inferences is legally permissible, one which points to the guilt and one to innocence, the question presented is one of fact. * * *''

23A Corpus Juris Secundum 274, Criminal Law, Section 1125, says:

''The question of accused's guilty knowledge or criminal intent is a question for the jury, or the court where a jury is waived, unless the evidence is undisputed.''

In 70 Corpus Juris Secundum 473, Perjury, Section 17b(1), the author says:

''Under the rule that in order to constitute perjury a false statement must be knowingly false, it must appear that the accused knew his statement to be false or was consciously ignorant of its truth. * * *''

The court, in the first paragraph of the syllabus in *People* v. *Agnew*, 77 Cal. App. 2d 748, 176 P. 2d 724, said:

''* * * A reckless statement [in a judicial proceeding] which is not known to be true is 'perjury' if in truth such averment is false.''

In *Butler* v. *McKey*, 138 F. 2d 373, 377, the court said:

''The argument is not tenable that a perjury charge cannot be sustained against an affiant who sets forth hearsay matter as a fact. In a situation where no specific information has been imparted to him, if a man swears that he has received such information, and if he swears that because of such information, a defendant could not with due diligence be found or a defendant was concealing himself to avoid service, he subjects himself to liability for perjury, for he has corruptly made a positive statement. * * *''

Section 2945.83 of the Revised Code states:

''No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

''* * *

''(E) Any other cause unless it appears affirmatively from the record that the accused, was prejudiced thereby or was prevented from having a fair trial.''

Defendant was not prejudiced, and he received a fair trial.

In the same vein is *Lutwak* v. *United States*, 344 U. S. 604, 619, wherein the court said that:

"* * * A defendant is entitled to fair trial but not a perfect one. * * *"

Defendant was caught up in the web of his own spinning.

We find no prejudicial error among those assigned.

*Judgment affirmed.*

ABELE, J., concurs.

RUTHERFORD, J., concurring in the judgment. The defendant in the instant case has been charged with perjury in violation of Section 2917.25 of the Revised Code, under the provisions of Section 1.17 of the Revised Code that:

"Any person who aids, abets, *or procures* another to commit an offense may be prosecuted and punished as if he were the principal offender." (Emphasis added.)

The evidence leaves no doubt that the defendant procured Louis Tyler and Weldon Thomas to be witnesses in his paternity trial, and each has testified in the instant trial that he did commit perjury when he testified upon request of this defendant, Robert Bayless, that he had sexual relations with the complaining witness.

Defendant contends that, while he obtained them as witnesses to testify in the paternity trial that they had sexual relations with the complaining witness, there is no evidence that he had knowledge or believed that they would commit perjury.

In *Stewart* v. *State*, 22 Ohio St. 477, the Supreme Court of Ohio, in paragraph one of the syllabus, held:

"1. An essential element in the crime of subornation of perjury is the *knowledge or belief* on the part of the accused, not only that the witness will swear to what is untrue, but also that he will do so corruptly and knowingly." (Emphasis added.)

In determining what the defendant believed, all the evidence must be considered and weighed by the jury, including that which is objective and circumstantial as well as that which is subjective.

After reading and rereading all the evidence contained in the bill of exceptions, it is my opinion that the evidence was sufficient to give rise to a jury question and to support a finding by the jury, beyond reasonable doubt, of each essential element of the crime charged, including a finding beyond reasonable doubt that the defendant did procure testimony of Louis Tyler and Weldon Thomas believing that they would commit the offense of perjury; therefore, under the provisions of Section 1.17, Revised Code, the defendant could be prosecuted and punished as if he were a principal offender under the provisions of Section 2917.25 of the Revised Code.

It must be assumed that the jury was properly instructed. There has been no error assigned pertaining to the court's instructions to the jury, and the instructions have not been included in the bill of exceptions.

I do not find the jury verdict finding the defendant guilty of perjury as charged or the judgment and sentence rendered thereon from which this appeal is taken to be either against the manifest weight of the evidence or contrary to law, neither do I find any error in the court's refusal to direct a verdict for the defendant.

RUTHERFORD, J., of the Fifth Appellate District, sitting by designation in the Fourth Appellate District.