Dale H. MORGAN, Plaintiff
and Appellee,

v.

Barbara A. MORGAN, Defendant
and Appellant.

No. 920846–CA.

Court of Appeals of Utah.

May 11, 1994.

Gordon A. Madsen and Robert C. Cummings, Salt Lake City, for appellant.

Mary C. Corporon, Salt Lake City, for appellee.

Before BENCH, BILLINGS and DAVIS, JJ.

## OPINION

BENCH, Judge:

Defendant Barbara Morgan appeals the trial court's order granting summary judgment to plaintiff Dale Morgan. We affirm.

## FACTS

Plaintiff and defendant were divorced in 1979. The divorce decree awarded plaintiff and defendant each an undivided one-half interest in the residence in Salt Lake County (residence) and in a lodge in Summit County (summer home).

In 1984, plaintiff quit-claimed to defendant his interest in the residence and summer home to allegedly facilitate the sale of the properties. In 1986, plaintiff filed an action against defendant and others alleging that defendant had defrauded him into quit-claiming to defendant his interest in the two properties. Plaintiff's action sought to quiet title in him to an undivided one-half interest in the residence and summer home.

In a separate action in 1986, Pine Meadow Ranch Owners' Association (homeowners' association) filed a suit against plaintiff in Summit County, alleging that he owed the homeowners' association over $4,000 for assessments on the summer home. Later that year, the homeowners' association amended its complaint, adding Barbara Morgan as a defendant because she held legal title to the summer home. She failed to respond to the amended complaint and default was entered against her for approximately $7,000. The homeowners' association obtained a writ of execution against the summer home. The county sheriff sold the summer home to the homeowners' association, subject to a six-month redemption period. The deed was recorded after the redemption period had expired. Plaintiff subsequently purchased the summer home from the homeowners' association.

In 1988, defendant filed a counterclaim against plaintiff, alleging that plaintiff collusively allowed the summer home to be foreclosed upon and thereafter "redeemed" the property after it was sold at a sheriff's sale. Defendant also sought recovery for arrearages allegedly owed under the divorce decree. Plaintiff's and defendant's causes of action were ultimately consolidated into the divorce action, presumably under the court's continuing jurisdiction.

In 1992, plaintiff filed a motion for summary judgment in the consolidated action, seeking to relinquish any claim he may have had in the residence and to quiet title in the summer home. The trial court issued a minute entry granting plaintiff's motion for summary judgment, dismissing both parties' claims and adjudging plaintiff the sole owner of the summer home. Defendant filed objections to plaintiff's proposed order, to which plaintiff filed a response. Although the trial court did not expressly rule on defendant's objections, it did sign plaintiff's proposed order granting summary judgment for plaintiff.

## ISSUES

Defendant raises the following issues on appeal: (1) whether plaintiff and defendant were cotenants in the summer home, thereby creating a fiduciary duty to deal non-adversely with each other concerning the summer home; (2) whether the trial court properly dismissed defendant's claim that plaintiff and the homeowners' association were in collusion in conducting the sheriff's sale; (3) whether the Summit County action was valid as it relates to the consolidated action; and (4) whether the alleged arrearages on the residence and summer home relating to mortgage payments, property taxes, insurance, and repairs to the residence, as well as alleged child support arrearages, were subject to dismissal on plaintiff's motion for summary judgment.[1]

1. As a threshold matter, defendant argues that the summary judgment was not a final order because her objections thereto were not expressly ruled upon. Defendant submitted timely objections to plaintiff's proposed order under Rule 4–504(2) of the Code of Judicial Administration,

## STANDARD OF REVIEW

■ A summary judgment may be granted only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Higgins v. Salt Lake County*, 855 P.2d 231, 235 (Utah 1993). On appeal from a summary judgment, we resolve only legal issues; therefore, we do not defer to the trial court's rulings. *Ferree v. State*, 784 P.2d 149, 151 (Utah 1989). We may, however, "affirm a grant of summary judgment on any ground available to the trial court, even if it is one not relied on below." *Higgins*, 855 P.2d at 235 (citing *Hill v. Seattle First Nat'l Bank*, 827 P.2d 241, 246 (Utah 1992)).

## ANALYSIS

### Cotenancy

Defendant argues that she and plaintiff were cotenants to the summer home and that defendant therefore had a fiduciary duty to preserve her interest in the summer home. We disagree.

■ Plaintiff and defendant were not cotenants of the summer home at the commencement, or during the pendency, of the Summit County action. The parties had been divorced approximately seven years prior to the Summit County action. *See, e.g., Glover v. Glover*, 121 Utah 362, 366–67, 242 P.2d 298, 300 (1952) (fiduciary relationship may exist between husband and wife before divorce decree is entered). Although the divorce decree awarded plaintiff and defendant an undivided one-half interest in the residence and the summer home, plaintiff subsequently quit-claimed to defendant his interest in both properties. The quit-claim deeds were later recorded. At the time the homeowners' association filed its action in

Summit County, defendant was the sole owner of both properties. In view of his quit-claim deeds to defendant, plaintiff's subsequent purchase of the summer home from the homeowners' association did not revive the cotenancy relationship that existed during the parties' marriage. Since there was no cotenancy, plaintiff owed no fiduciary duty to defendant.

### Collusion

■ Defendant argues that plaintiff and the homeowners' association colluded in conducting the sheriff's sale of the summer home.[2] Specifically, defendant argues that the homeowners' association sold the summer home to plaintiff for a price substantially lower than its market value. We believe that defendant's argument is without merit. Once defendant's redemption period had expired, she was in no position to challenge the homeowners' association's sale of the summer home to plaintiff since she was a mere stranger to the transaction. *See, e.g.*, 33 C.J.S. *Executions* § 274 (1942) ("After the sale and the expiration of the redemption period, the judgment debtor has no such interest in the land as will entitle [her] to raise objections to the completion of the execution sale ..., [she] then occupying the position of a mere stranger."). Therefore, defendant may not complain about the homeowners' association's sale of the summer home to plaintiff.

### Validity of Summit County action

■ Defendant argues that the foreclosure proceeding in Summit County established no basis to quiet title to the summer home in plaintiff. Essentially, defendant attempts to collaterally attack the Summit County action by arguing that she did not remember receiving service of process in that action. This appeal is not, however, the

---

which provides that such objections be submitted within five days after service of the proposed order. After the five-day period had expired, the trial court signed plaintiff's proposed order without expressly ruling on defendant's objections. The objections were before the trial court; therefore, we believe the court implicitly denied plaintiff's objections. In any event, the "time for filing [a] notice of appeal begins to run when the judgment is entered...." *Workman v. Nagle*

*Constr., Inc.*, 802 P.2d 749, 751 n. 4 (Utah App. 1990).

2. Defendant also argues that she is entitled to complete her discovery in order to determine whether plaintiff and the homeowners' association were in collusion. In light of defendant's prolonged failure to respond to the Summit County action, this argument is without merit.

proper forum to object to the Summit County action. *See, e.g., Zion's Benefit Bldg. Soc'y v. Geary,* 112 Utah 548, 553, 189 P.2d 964, 966 (1948) (default judgment from foreclosure proceeding that was not appealed could not be collaterally attacked). Defendant may challenge the validity of the Summit County action only in the Summit County court where all of the parties can be before the court.[3]

### Arrearages

 Defendant's counterclaim for $49,590 was based upon alleged arrearages for mortgage payments, property taxes, insurance, repairs to the residence, and child support. Defendant sought to have plaintiff's alleged liability for these amounts adjudged as a lien against any interest the court determined plaintiff had in the properties.

The arrearages for both properties occurred after plaintiff had quit-claimed his interest in the properties to defendant, or in order words, while defendant was the sole owner. Therefore, under the facts of this case, plaintiff would not be responsible for arrearages of properties in which he had no interest.

Defendant also argued a lien should have been placed on the summer home against plaintiff for child support arrearages. Under the facts of this case, we reject this argument. Nonetheless, we note that the trial court's granting of plaintiff's motion for summary judgment does not preclude defendant from bringing an action to collect for alleged arrearages in child support. We merely hold that the trial court properly granted plaintiff summary judgment in dismissing such arrearages as a lien on the summer home.

### CONCLUSION

The trial court properly granted summary judgment for plaintiff. Plaintiff and defendant were not cotenants during the Summit County action and, thus, owed no fiduciary duty to each other. Defendant's argument

with respect to the sales price for the summer home is without merit. The validity of the foreclosure proceeding may be attacked directly in the Summit County court—not collaterally on appeal in this action. It was proper for the trial court to dismiss the claims for arrearages on summary judgment; however, the summary judgment does not preclude defendant from attempting to collect arrearages for child support.

The judgment of the trial court is therefore affirmed.

BILLINGS and DAVIS, JJ., concur.

---

3. Even if we could address the validity of the Summit County action in this appeal, the record contains a return of service in the Summit County action. The fact that defendant could not remember being served with process would

make no difference so long as the service of process was valid. *See, e.g., Bowen v. Olson,* 122 Utah 66, 74–75, 246 P.2d 602, 605–06 (1952) (judgment is void and subject to collateral attack if lack of jurisdiction appears on face of record).